598 F.2d 1031
 7 O.S.H. Cas.(BNA) 1313, 1979 O.S.H.D. (CCH) P 23,541
CONCRETE CONSTRUCTION COMPANY, INC., Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and Ray
Marshall, Secretary of Labor, Respondents.
 No. 77-3007.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 6, 1979.
Decided May 10, 1979.
 
 William C. Moul, George, Greek, King, McMahon & McConnaughey, Terry A. Bethel, Columbus, Ohio, for petitioner.
 Roger L. Sabo, Columbus, Ohio, for amicus curiae.
 Michael H. Levin, Marc R. Hillson, Baruch A. Fellner, Regional Litigation, U. S. Dept. of Labor, John A. Bryson, Washington, D. C., William S. Kloepfer, Associate Regional Sol., Cleveland, Ohio, for respondent.
 Before EDWARDS, Chief Judge, KEITH, Circuit Judge, and BROWN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 The Concrete Construction Company, with the enthusiastic support of the Ohio Contractors Association, which submitted an amicus brief and was allowed to argue, attacks two findings of violation of 29 C.F.R. § 1926.550(a)(9) (1977) and the $30 fine levied as a result of one of them. The regulation under scrutiny provides:
 
 
 2
 (9) Accessible areas within the swing radius of the rear of the rotating superstructure of the crane, either permanently or temporarily mounted, shall be barricaded in such a manner as to prevent an employee from being struck or crushed by the crane.
 
 
 3
 Id.
 
 
 4
 The undisputed facts show that petitioner, Concrete Construction Company, on the two occasions involved, was engaged in using a crawler crane (I. e. one which propelled itself on circular treads) to lay sewer pipe at the work sites concerned. It is undisputed that no physical "barricades" were in place at either site on the dates in question, but it is petitioner's vigorous contention that an employee called an oiler was assigned to guard the area within the swing radius of the rear of the crane so as effectively to comply with the regulation. Neither before the Administrative Law Judge, who first heard the facts in this case, nor before the Occupational Safety and Health Review Commission, nor before this court did or does petitioner attack the validity of the regulation itself, nor contend that compliance therewith in its stated terms is impossible, nor has petitioner or the amicus Ohio Contractors Association taken any steps to seek a variance from the effect of the regulation under 29 U.S.C. § 655(d) (1976).
 
 
 5
 Before our court by brief and oral argument, however, petitioner contended vigorously that the regulation as applied offended any commonsense standard for safe operation of its industry and would occasion substantial delay by necessitating six or seven removals and reerections on each work shift of the physical barriers which the Commission's decision demands.
 
 
 6
 However this may be, petitioner has mistaken its remedy in this proceeding. The sole relief requested from this court is an interpretation of the regulation which would allow the words "shall be barricaded" in 29 C.F.R. 1926.550(a)(9) (1977) to be understood as being complied with by the presence in the vicinity of the crane of an employee capable orally of directing passing workmen away from its rear. Webster's Dictionary defines barricade as a "material barrier or obstacle that prevents passage." We would be doing violence to any ordinary understanding of the English language to accept the interpretation that a workman was a "barricade." See also on this point 29 C.F.R. § 1926.203(a) and 29 C.F.R. § 1926.202 (1977).
 
 
 7
 While what we have said above disposes of the only issue presented at this time in this case, it doubtless will not terminate the controversy which can be renewed by an industry attack upon the regulation itself or by seeking a variance, as pointed out above.
 
 
 8
 Administrative interpretation of its own regulations, of course, must be given great deference by this court. Dunlop v. Rockwell International,540 F.2d 1283, 1289-90 (6th Cir. 1976).
 
 
 9
 The petition to review is denied and the Commission's order is affirmed and enforced.
 
 
 
 *
 Honorable Bailey Brown, Chief United States District Judge for the Western District of Tennessee, sitting by designation