722 F.2d 1158
 11 O.S.H. Cas.(BNA) 1698, 1984 O.S.H.D. (CCH)
P 26,760
 Raymond J. DONOVAN, Secretary of Labor, Petitioner,
v.
UNITED STEELWORKERS OF AMERICA, AFL-CIO, and its Local
12610, District 23, Respondents.
 No. 82-1885.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 12, 1983.
Decided Nov. 1, 1983.
 
 Judith N. Macaluso, U.S. Dept. of Labor, Arlington, Va. (Marshall H. Harris, Regional Sol., Philadelphia, Pa., T. Timothy Ryan, Jr., Sol. of Labor, Frank A. White, Associate Sol., Washington, D.C., for Occupational Safety and Health, Dennis K. Kade, Washington, D.C., Counsel for Appellate Litigation, Shelley D. Hayes, U.S. Dept. of Labor, Washington, D.C., on brief), for petitioner.
 Jeremiah A. Collins, Washington, D.C. (Bernard Kleiman, Chicago, Ill., George H. Cohen, Bredhoff & Kaiser, Washington, D.C., James D. English, Mary Win-O'Brien, Pittsburgh, Pa., on brief), for respondents.
 Before RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Secretary of Labor (Secretary) has petitioned for review of an order of the Occupational Safety and Health Review Commission (Commission),[1] requiring a hearing before an Administrative Law Judge (ALJ) on objections entered by the United Steelworkers of America (Union) to a stipulation of settlement entered into between the Secretary and the Monsanto Company (Monsanto) in connection with a safety violation issued by the Secretary against Monsanto at Monsanto's plant in Nitro, West Virginia. Monsanto had initially contested the citation. The matter was referred to an ALJ of the Commission for a hearing on Monsanto's notice of contest. The Union elected to participate as a representative of the employees in the proceeding. See Sec. 659(c), 29 U.S.C.
 
 
 2
 While the matter was thus pending, Monsanto and the Secretary, after negotiations, agreed upon a stipulation of settlement which was filed with the ALJ. The Union filed objections to the settlement agreement on its merits but did not "alleg[e] that the period of time fixed in the citation for the abatement of the violation [was] unreasonable." The ALJ ordered a hearing on the objections of the Union and his order became the order of the Commission. The Secretary appealed and contemporaneously filed a motion for a stay pending appeal. The motion for stay was granted, pending the outcome of the appeal.
 
 
 3
 The issues presented by the petition for review are two: The first is procedural. The respective positions of the parties on this issue are: The Union contends the petition is premature and must await the completion of the hearing as ordered by the Board and the entry of a final order by the Commission; the Secretary's position is that this appeal falls within the collateral order exception to the final order doctrine as expounded in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The second goes to the authority of the Secretary and the role of the Union in the citation proceedings. It is the Secretary's position on this second point, which presents the substantive issue for decision in this appeal, is that the authority of the Secretary to settle a citation is within his prosecutorial discretion, that the Union has no right to object to or contest the settlement, that under the Act a Union which elects to participate in a citation proceeding has a very limited role in the enforcement of the citation, that the only ground on which the Union may seek a hearing on a settlement is the unreasonableness of the abatement period (a ground not asserted here), and that the order for a hearing on the Union's objections to the settlement was beyond the Commission's jurisdiction. The Union, on the other hand, disputes these contentions of the Secretary and asserts that the statute's allowance to it to participate in the proceedings carries with it the authority to object to the merits of a settlement by the Secretary.
 
 
 4
 The issues, both procedural and substantive, thus raised are not new. They have been presented to other Circuit Courts of Appeals, the most recent being Donovan and Mobil Oil Corporation v. Occupational Safety and Health Review Commission, 713 F.2d 918 (2d Cir.1983), and, without exception, the authority of the Secretary to settle and the limited role of employees in the settlement proceedings have been declared in accordance with the contentions of the Secretary herein, and any orders for hearing on objections on the merits to a settlement by the Secretary have been reversed as within the final collateral order exception without requiring delay of review until after final order. All of these cases have been cited and discussed in the Mobil Oil case and it would only encumber the reports needlessly to repeat that discussion. We agree both with the reasoning and the conclusions of the Court in that case, upholding fully the position of the Secretary, and accordingly grant the petition and vacate the order of the ALJ, as adopted by the Commission, for a hearing on the Union's substantive objections to the settlement agreement.
 
 
 
 [1]
 Review is authorized under Sec. 660(b), 29 U.S.C