748 F.2d 340
 12 O.S.H. Cas.(BNA) 1057, 1984-1985 O.S.H.D. ( 27,123
 Raymond J. DONOVAN, Secretary of Labor (82-3771), and
Cuyahoga Valley Railway Company (82-3773), Petitioners,
v.
UNITED TRANSPORTATION UNION and Occupational Safety and
Health Review Commission, Respondents.
 Nos. 82-3771, 82-3773.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 8, 1983.
Decided Nov. 20, 1984.
 
 Shelley D. Hayes, T. Timothy Ryan, Jr., Frank A. White, Dennis K. Kade, Robert D. McGillicuddy (argued), U.S. Dept. of Labor, Washington, D.C., for petitioners in No. 82-3771.
 Thomas H. Barnard (argued), Squire, Sanders & Dempsey, Cleveland, Ohio, for petitioners in No. 82-3773.
 Ray Darling, Occupational Safety and Health Review Com'n, Washington, D.C., C. Richard Grieser, Grieser, Schafer, Blumensteil & Slane, Richard Huhn (argued), Columbus, Ohio, for respondents in No. 82-3771.
 Ray Darling, Occupational Safety and Health, Review Com'n, Washington, D.C., Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondents in No. 82-3773.
 Richard Huhn (argued), Grieser, Schafer, Blumenstiel & Slane, Columbus, Ohio, for United Transp. Union.
 Before MARTIN and JONES, Circuit Judges, and PECK, Senior Circuit Judge.
 NATHANIEL R. JONES, Circuit Judge.
 
 
 1
 This is an appeal from a decision of the Occupational Safety and Health Review Commission (Commission) which set aside a 1976 Decision and Order of Administrative Law Judge Erwin L. Stuller (the ALJ). We affirm.
 
 I.
 
 2
 The facts of this case are undisputed. On February 27, 1976, the Occupational Safety and Health Administration (OSHA) issued a citation alleging that the Cuyahoga Valley Railway Company (Cuyahoga) violated Section 5(a)(1) of the Occupational Safety and Health Act (Act), 29 U.S.C. Sec. 654(a)(1) (The "General Duty Clause") by failing to provide instructions and failing to enforce the rules governing the coupling and/or uncoupling of ingot buggy cars with tools. The citation also stated that Cuyahoga failed to insure that an adequate clearance was maintained between ingot buggy stools to permit employees to work safely between the buggies. Cuyahoga filed a Notice of Contest to the Citation on March 22, 1976.
 
 
 3
 On April 13, 1976, the Secretary of Labor (Secretary) filed a formal complaint against Cuyahoga. On April 19, 1976, the Union filed a motion and was granted leave to intervene and elect party status. On May 13, 1976, Cuyahoga filed its answer to the Secretary's complaint and it filed an amended answer on May 18, 1976. A hearing was scheduled for August 24, 1976 before the ALJ.
 
 
 4
 At the hearing, the Secretary moved to vacate the citation due to lack of jurisdiction over the cited condition. The Secretary believed that the Federal Railway Administration (FRA) had jurisdiction pursuant to 49 C.F.R. Part 217. Consequently, he felt OSHA should give way to the FRA's jurisdiction pursuant to Section 4(b)(1) of the Act, 29 U.S.C. Sec. 653(b)(1).
 
 
 5
 The Union objected to the Secretary's claim that he lacked jurisdiction and asserted that the working condition was not covered by the FRA. The ALJ took the case under advisement and stated that a written statement of the Union would be made part of the record. The ALJ did not, however, specify any time requirement as to when the Union should have its objections filed.
 
 
 6
 On September 1, 1976, an attorney representing the Union wrote to the ALJ informing him that "unless advised to the contrary," the Union would file its brief "at the earliest possible date." The ALJ vacated the Secretary's citation on September 28, 1976 without any further notification to the parties and without considering the Union's objections which were set forth in its brief that the ALJ received on September 29, 1976.
 
 
 7
 Cuyahoga contends that Rule 37 of the Commission's Rules of Procedure provides a ten-day time limit for filing objections, that the Union failed to meet that time limit, and that the ALJ properly issued its decision on September 28, 1976 without further notification to the parties because some thirty-five days had elapsed since the hearing.
 
 
 8
 Although no party to this action filed a Petition for Discretionary Review, Commissioners Moran and Cleary directed review in October, 1976. Commissioner Moran's direction did not state a specific issue, but Commissioner Cleary directed review of the following question:
 
 
 9
 Whether the Administrative Law Judge erred in vacating the citation and notification of proposed penalty based on the Secretary's determination that pursuant to Section 4(b)(1) of the Act the Secretary did not have authority to issue the citation?
 
 
 10
 On October 29, 1982, the Commission issued its decision setting aside the ALJ's order and remanded the case to the Chief Administrative Law Judge to consider the Union's objections to the Secretary's motion to vacate the citation. The Commission held that the ALJ had erred by ruling on the Secretary's motion "without receiving the Union's brief and considering the merits of its objections."
 
 
 11
 In reaching its decision, the Commission expressly relied upon its decision in Mobil Oil Corp., 10 OSHRC (BNA) 1905, CCH OSHD p 26,187 (1982). Subsequently, the hearing set by the Chief Administrative Law Judge to consider the Union's objections was stayed by the Commission pending the outcome of these proceedings.
 
 
 12
 The issues presented by this appeal, are, (1) whether the Act permits the Commission to review the Secretary's withdrawal of a citation, (2) whether the Act permits employees or their authorized representatives, who have elected party status, to object to the withdrawal of a citation once the Secretary has filed a formal complaint and there has been an employer contest, and (3) whether the Union waived any right it may have had to object to the citation by failing to submit their objections in a timely manner.
 
 II.
 
 13
 Our review of the Commissioner's findings of fact is governed by 29 U.S.C. Sec. 660(a), which provides:
 
 
 14
 The findings of the Commission with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive.
 
 
 15
 The standard of judicial review of legal issues is governed by the Administrative Procedure Act, 5 U.S.C. Secs. 701-706. Donovan v. Anheuser-Busch, Inc., 666 F.2d 315 (8th Cir.1981). This Court has held that adjudicatory conclusions of the Commission may be set aside when they are found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Empire-Detroit Steel Division, Detroit Steel Corp. v. OSHRC, 579 F.2d 378 (6th Cir.1978).
 
 
 16
 A. THE COMMISSION'S AUTHORITY TO REVIEW THE SECRETARY'S WITHDRAWAL OF THE CITATION.
 
 
 17
 The first issue that must be resolved in this case is whether the Commission had the authority to vacate the decision of the ALJ and remand the matter to the Chief Administrative Law Judge for further proceedings. Petitioners argue that the Secretary, as the sole prosecutor of the Act, has the power to withdraw a citation as he sees fit. Accordingly, they argue that the Commission lacks the authority to require the Chief Administrative Law Judge to consider the merits of this case. The resolution of this issue depends upon the interpretation given to this Court's decision in Marshall v. OSHRC, 635 F.2d 544 (6th Cir.1980).
 
 
 18
 In Marshall the Secretary issued a citation against IMC Chemical Group, Inc. (IMC) for alleged OSHA violations. IMC filed a notice of contest. The matter was then referred to the Solicitor of Labor to prepare a complaint for filing with the Commission. The Solicitor determined that IMC had not created a hazard to its employees and that a complaint should not be filed. The Secretary agreed with the Solicitor that the citation was not warranted, decided not to file a complaint, and filed a motion with the Commission to vacate the citation. The union representing the IMC employees wrote a letter objecting to the withdrawal of the citation. The Administrative Law Judge granted the motion of the Secretary to vacate the citation, holding that the Secretary had the absolute and unconditional right to vacate a citation prior to the filing of a complaint and answer. The Commission subsequently vacated the decision of the Administrative Law Judge and remanded the matter to him for further proceedings, holding that the affected employees or their union could proceed to prosecute the citation originally issued by the Secretary if they elected party status.
 
 
 19
 On petition for review of the Commission's decision, this Court held:
 
 
 20
 [T]he Act, by its terms, makes the Secretary the exclusive prosecutor of OSHA violations. It follows that, prior to the filing of a complaint and answer, the Secretary has the right to withdraw a contested citation.
 
 
 21
 635 F.2d at 550 (emphasis added). While this court noted that the Secretary is the exclusive prosecutor of OSHA violations, we also acknowledged the fact that the Commission is the body that adjudicates disputes arising under the Act. See also, 29 U.S.C. Sec. 651(b)(3).
 
 
 22
 The key issue in the case at bar is whether the Secretary has an absolute right to withdraw a citation subsequent to the filing of a complaint and answer. The Union contends that in a case such as this, in which a formal complaint and answer are filed with the Commission prior to the Secretary's attempt to withdraw the citation, the Secretary's role as prosecutor becomes much more limited, and the Commission's role as the adjudicative body takes over. We agree. This Court's holding in Marshall was specifically limited to cases in which a formal complaint and answer had not yet been filed. In formulating the issue in Marshall this Court stated:
 
 
 23
 (4) Prior to the filing of a complaint and answer, can the Commission refuse to permit the Secretary to withdraw a contested citation over the objection of a Union representing affected employees?
 
 
 24
 635 F.2d at 546 (emphasis added). In answering this question this Court again specifically held that "prior to the filing of a complaint and answer, the Secretary has the right to withdraw a contested citation." 635 F.2d at 550 (emphasis added). If we adopt respondent's argument that the holding in Marshall controls the case at bar, we would have to ignore a factor that this Court considered significant in Marshall, i.e., that no complaint or answer had been filed. In essence, Marshall held that the Secretary has the sole authority to determine whether to prosecute. In the case at bar, the Secretary had already made the decision to prosecute by filing a complaint and that complaint had been answered at the time the Secretary attempted to withdraw the citation. The adversarial process was well-advanced at the time the Secretary attempted to withdraw the citation. The Commission, therefore, as the adjudicative body, had control of the case and the authority to review the Secretary's withdrawal of the citation.
 
 
 25
 B. THE UNION'S AUTHORITY TO OBJECT TO THE WITHDRAWAL OF THE CITATION.
 
 
 26
 Although the Commission had the authority to review the Secretary's withdrawal of the citation, it does not follow necessarily that the Union also had the right under the Act to object to its withdrawal. The resolution of whether the Union had authority to object to the withdrawal of the citation turns upon the interpretation given to Section 10(c) of the Act, 29 U.S.C. Sec. 659(c). Section 10(c) provides:
 
 
 27
 If an employer notifies the Secretary that he intends to contest a citation issued under section 658(a) of this title or notification issued under subsection (a) or (b) of this section, or if, within fifteen working days of the issuance of a citation under section 658(a) of this title, any employee or representative of employees files a notice with the Secretary alleging that the period of time fixed in the citation for the abatement of the violation is unreasonable, the Secretary shall immediately advise the Commission of such notification, and the Commission shall afford an opportunity for a hearing (in accordance with section 554 of Title 5 but without regard to subsection (a)(3) of such section). The Commission shall thereafter issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief, and such order shall become final thirty days after its issuance. Upon a showing by an employer of a good faith effort to comply with the abatement requirements of a citation, and that abatement has not been completed because of factors beyond his reasonable control, the Secretary, after an opportunity for a hearing as provided in this subsection, shall issue an order affirming or modifying the abatement requirements in such citation. The rules of procedure prescribed by the Commission shall provide affected employees or representatives of affected employees an opportunity to participate as parties to hearings under this subsection.
 
 
 28
 (emphasis added). Rule 20(a) of the Commission's Rules of Procedure was adopted pursuant to the mandate stated in the last sentence of Section 10(c). It provides:
 
 
 29
 Affected employees may elect to participate as parties at any time before the commencement of the hearing before the Judge, unless, for good cause shown, the Commission or the Judge allows such election at a later time.
 
 
 30
 The key issue here is whether the Union, having elected party status, can fully participate in this litigation or whether an employee representative is limited to challenging the reasonableness of an abatement period. Section 10(c) provides for two kinds of proceedings. First, an employer may initiate a proceeding by filing a notice of contest to a citation. Second, employees may commence a proceeding to contest the period set in a citation for abatement of a violation. The dispute in this case concerns the extent of employee participation in employer-initiated proceedings once the employee representative has been afforded an opportunity to elect a party status. The Secretary contends that employee participation is limited to challenging the reasonableness of the period for abatement of the violation in both kinds of proceedings. The Union and the Commission read the statute as providing for plenary participation by employees in employer-initiated proceedings, but concede that in employee-initiated proceedings, the union may only object to the reasonableness of the abatement period.
 
 
 31
 In Mobil Oil Corp., 10 OSHRC (BNA) 1905, CCH OSHD p 26,187 (1982), the Commission held that an authorized employee representative, who has elected party status in a timely manner, is not restricted to contesting the reasonableness of the abatement period, but has the full rights that any party to a lawsuit would have. This case, however, was reversed recently by the Second Circuit in Donovan v. OSHRC, 713 F.2d 918 (2d Cir.1983) (Donovan). The Second Circuit adopted the interpretation of Section 10(c) which the Secretary espouses in this case, i.e. that employees may contest only the abatement period set by the Secretary. The Third and Fourth Circuits have taken similar positions. Donovan v. United Steelworkers, 722 F.2d 1158 (4th Cir.1983); Marshall v. Sun Petroleum Products Co., 622 F.2d 1176, 1185-88 (3d Cir.), cert. denied, 449 U.S. 1061, 101 S.Ct. 784, 66 L.Ed.2d 604 (1980) (Sun Petroleum ) and this Court's decision in Marshall might appear to be consistent with the Second and Third Circuits.
 
 
 32
 As stated before, however, Marshall dealt with the prosecutorial authority vested in the Secretary which is almost unlimited. It did not address the issue presented by this case, i.e., what Union rights arise at the adjudicatory stage, the administration of which falls within the Commission's baliwick. Since Marshall does not address employee rights once the adjudicatory process is fully in place, it does not control the case at bar. We hold that under Section 10(c) the Union has full rights, as parties, to contest the withdrawal of this citation. This interpretation of Section 10(c) is consistent with the Fifth, Eighth, and District of Columbia Circuits. See Donovan v. International Union, Allied Industrial Workers, 722 F.2d 1415 (8th Cir.1983); Donovan v. Oil Chemical and Atomic Workers International Union, 718 F.2d 1341 (5th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984) (Atomic Workers International); Oil, Chemical & Atomic Workers v. OSHRC, 671 F.2d 643 (D.C.Cir.), cert. denied, 456 U.S. 969, 102 S.Ct. 2230, 72 L.Ed.2d 843 (1982).
 
 
 33
 The Second, Third, and Fourth Circuits, which have adopted the more restrictive interpretation of section 10(c), support their positions by citing a portion of the Senate Committee Report, which states that Section 10(c) " 'gives an employee or representative of employees a right, whenever he believes that the period of time provided in a citation ... is unreasonably long, to challenge the citation on that ground.' " Sun Petroleum, 622 F.2d at 1186. The District of Columbia Circuit, on the other hand, which gave Section 10(c) a more liberal reading, quoted the aforestated legislative history in a more accurate context:
 
 
 34
 If the employer decides to contest a citation or notification or proposed assessment of penalty, the Secretary must afford an opportunity for a formal hearing under the Administrative Procedure Act. Based upon the hearing record the Secretary shall issue an order confirming, denying, or modifying the citation, notification, or proposed penalty assessment. The procedural rules prescribed by the Secretary for the conduct of such hearings must make provision for affected employees or other representatives to participate as parties.
 
 
 35
 Section 10(c) also gives an employee or representative of employees a right, whenever he believes that the period of time provided in a citation for abatement of a violation is unreasonably long, to challenge the citation on that ground. Such challenges must be filed within 15 days of the issuance of the citation and an opportunity for a hearing must be provided in similar fashion to hearings when an employer contests. The employer is to be given an opportunity to participate as a party. Id. (Emphasis added).
 
 
 36
 Oil, Chemical & Atomic Workers v. OSHRC, 671 F.2d at 648. The Fifth Circuit expressly adopted the interpretation of the District of Columbia Circuit in determining whether Section 10(c) permits employees to challenge the terms of a settlement agreement between the Secretary and the employer has withdrawn its contest to the citation. Atomic Workers International, 718 F.2d at 1349. The Fifth Circuit reasoned:
 
 
 37
 The word "parties" usually connotes persons entitled to participate fully in litigation. This view is buttressed by the more complete account of the legislative history quoted by the District of Columbia Circuit, which suggests that Congress contemplated two different applications of the "parties" provision. The ultimate sentence of Sec. 10(c) instructs the Commission to provide for employee participation "as parties to hearings under this subsection. " The subsection, as we have seen, plainly envisions two kinds of hearings--employee-initiated and employer-initiated--and it contains no language limiting the employee's participation in the employer-initiated hearings to debate over the reasonableness of the abatement period.
 
 
 38
 Id. (emphasis in original). We adopt the interpretation of the Fifth and District of Columbia Circuits. Not only does the statutory language of Section 10(c) support this interpretation, the Commission itself espouses this interpretation. Donovan, 713 F.2d at 1348.
 
 
 39
 Interpretations of the statute by the Commission should be treated with deference and should not be overturned if reasonable and consistent with the purposes of this chapter. Electric Smith, Inc. v. Secretary of Labor, 666 F.2d 1267, 1270 (9th Cir.1982). Furthermore, this Court has held that administrative interpretation of an agency's own regulations must be given great deference by a reviewing court. Concrete Construction Co., Inc. v. OSHRC, 598 F.2d 1031, 1032 (6th Cir.1979). This Court has also held that where the Secretary and the Commission differ over the construction of this chapter, the Commission's construction is entitled to great deference. Usery v. Hermitage Concrete Pipe Co., 584 F.2d 127, 132 (6th Cir.1978). While there is concededly a dispute among the circuits with respect to the proper interpretation of Section 10(c) the Commission's adjudicatory conclusion is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Empire-Detroit Steel Division v. OSHRC, 579 F.2d at 378. Accordingly, we adopt it.
 
 
 40
 C. THE UNION'S RIGHT TO OBJECT TO THE SECRETARY'S MOTION TO WITHDRAW THE CITATION.
 
 
 41
 The final issue presented by this appeal is whether the Union waived its right to object to the Secretary's motion to withdraw the citation by failing to object in a timely manner. The resolution of this issue depends on whether Rule 37 or Rule 76 of the OSHRC Rules of Procedure applies. Rule 37 provides for a ten-day limit for filing objections. If Rule 37 applies the Union has waived its right to object because it did not file its brief within ten days of the hearing. Rule 76, on the other hand, gives the Union twenty days from the date it received a transcript of the hearing in which to file its brief. Thus, if Rule 76 applies, the Union filed its brief in a timely manner. Rule 76 provides:
 
 
 42
 Any party shall be entitled, upon request, to a reasonable period at the close of the hearing for oral argument, which shall be included in the stenographic report of the hearing. Any party shall be entitled, upon request made before the close of the hearing, to file a brief, proposed findings of fact and conclusions of law, or both, with the Judge. The Judge may fix a reasonable period of time for such filing, but such initial period may not exceed 20 days from the receipt by the party of the transcript of the hearing.
 
 
 43
 (emphasis added).
 
 
 44
 In addition to the text of Rule 76, the Union received a letter from the attorney for the Secretary of Labor on October 20, 1976 stating:
 
 Dear Mr. Huhn:
 
 45
 Enclosed please find a copy of the transcript of the August 24, 1976 hearing ...
 
 
 46
 Please be advised this transcript was not forwarded to the judge until September 14, 1976.
 
 
 47
 Commission Rule 76 provides that the parties have 20 days after receipt of the transcript to file post-trial briefs. Assuming Judge Stuller received the transcript on September 16, 1976, which is highly unlikely due to the current pace of the mails you had until October 5, 1976 in which to file your brief. If you require an affidavit of the court reporter as to the date the transcript was forwarded to the Judge, please advise.
 
 
 48
 Sincerely,
 
 W.S. Kleopfer
 
 49
 Associate Regional SolicitorBy William E. Curphey, III
 
 Trial Attorney
 
 50
 (Emphasis added).
 
 
 51
 We hold that Rule 76 applies to this case. Both the language of the rule and the foregoing letter indicate that it applies here. Rule 37, on the other hand, simply applies to responses to motions.
 
 
 52
 For the foregoing reasons we uphold the decision of the Commission and remand this case to the Chief Administrative Law Judge for further proceedings.