748 F.2d 1470
 12 O.S.H. Cas.(BNA) 1156, 1984-1985 O.S.H.D. ( 27,138
 Raymond J. DONOVAN, Secretary of Labor, Petitioner,
and
Engelhard Industries, Division of Engelhard Corporation, Intervenor,
v.
LOCAL 962, INTERNATIONAL CHEMICAL WORKERS UNION, Respondent.
 No. 82-7322.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 17, 1984.
 
 Domenique Kirchner, U.S. Dept. of Labor, Washington, D.C., for petitioner.
 Salvatore J. Falletta, Gen. Counsel, Intern. Chemical Workers Union, Akron, Ohio, for respondent.
 
 
 1
 William M. Earnest, Elizabeth F. Reveley, Atlanta, Ga., for Engelhard Industries, Div. of Engelhard Corp.
 
 
 2
 Petition for Review of an Order of the Occupational Safety and Health Review Commission.
 
 
 3
 Before GODBOLD, Chief Judge, CLARK, Circuit Judge, and THOMAS*, District Judge.
 
 DANIEL HOLCOMBE THOMAS, District Judge:
 
 4
 This case is before the court on a petition by the Secretary of Labor requesting review of an order of the Occupational Safety and Health Review Commission. The Review Commission held that employees have a right to be heard on their objections to a settlement agreement of an OSHA citation between the Secretary and the employer. The Secretary contends that the Occupational Safety and Health Act only affords the employee the right to contest the reasonableness of the abatement period in a settlement agreement.
 
 FINDINGS OF FACT
 
 5
 The Secretary of Labor (the Secretary) conducted a workplace inspection upon Engelhard Industries to ensure that the employer was in compliance with statutory obligations. As a result of this inspection, Engelhard was issued a citation on June 19, 1978, for a willful violation of Sec. 5(a)(1) of the Occupational Safety and Health Act (OSHA) of 1970, 29 U.S.C. Sec. 654(a)(1) (1976) for failure to follow acceptable procedures for employee entry into industrial tanks. The citation demanded immediate abatement of the hazardous working conditions and proposed a penalty of $6,400.00.
 
 
 6
 Engelhard Industries contested the citation which initiated a hearing before the Commission. Pursuant to 29 U.S.C. Sec. 661(i) the Commission assigned the case to an Administrative Law Judge (ALJ). The International Chemical Workers Union (the Union) requested the ALJ that it receive party status in order to represent the affected employees in the hearing. The ALJ awarded the Union party status.
 
 
 7
 Once a case is before the ALJ for hearing the Secretary may review the inspection files and other material to determine whether to file a complaint before the Commission or to settle the case with the employer. In the present case, the Secretary reviewed the relevant data and determined that the evidence did not reach the level of a willful violation. Consequently, the Secretary and Engelhard reached a settlement agreement and the Union was advised of the terms of the settlement. Those terms consisted of the Secretary amending the citation by reducing the violation from the classification of "willful" to the classification of "serious". The Secretary also reduced the penalty from $6,400.00 to $1,000.00. Engelhard compromised by withdrawing its notice to contest, agreed to pay the reduced penalty and agreed to abate the violation immediately.
 
 
 8
 The Union objected to the compromises made by the Secretary. The Union contended that changing the characterization of the violation from "willful" to "serious" was unwarranted without a factual hearing. The ALJ refused to accept the settlement and set the case for hearing on the Union's objections. At the parties' request the judge certified his decision for interlocutory appeal to the Commission.
 
 
 9
 The Commission issued its interlocutory decision affirming the decision of the ALJ. The Commission held that the employees had a right to be heard on their objections to a settlement agreement between the Secretary and Engelhard and remanded the case to the ALJ for such a hearing. The Commission based its decision on Mobil Oil Corp., 10 O.S.H.Cas. (BNA) 1905 (1982), rev'd, Donovan v. OSHRC, 713 F.2d 918 (2d Cir.1983).
 
 
 10
 Pursuant to Sec. 11(b) of OSHA, the Secretary petitioned this court to review the order of the Review Commission.
 
 CONCLUSIONS OF LAW
 
 11
 In this appeal we are faced with the basic issue of whether an employee has a right to be heard on his objections to a settlement agreement between the Secretary and the employer subsequent to an OSHA citation. OSHA clearly gives such a right when the employee wishes to contest the reasonableness of the period of time for abatement of the dangerous or hazardous condition. 29 U.S.C. Sec. 659 (1976). We now evaluate whether that right likewise exists when other portions of the settlement agreement are objected to by employees.
 
 
 12
 In the present case the Commission held that the employees who had elected party status should indeed be heard upon their objections to the settlement agreement. The Commission based its decision on the holding of Mobil Oil Corp., 10 O.S.H.Cas. (BNA) 1905 (1982). In Mobil Oil, the Commission held that an employee's party status in Commission proceedings is not limited to objecting to the reasonableness of the abatement period and that the Commission may review a settlement agreement to assure that the settlement implements the mandate of the Act. Id. at 1915, 1916. However, when that decision was appealed to the Second Circuit the court of appeals reversed the decision of the Commission. In Donovan v. Occupational Safety & Health Review Commission, 713 F.2d 918 (2d Cir.1983), the court held:
 
 
 13
 Thus, we conclude that once an employer withdraws its notice of contest, as part of a settlement agreement with the Secretary, the Commission is ousted of jurisdiction over matters relating to the alleged violation. If the settlement agreement allows for a specific time period within which the hazard must be abated, and employees have filed a separate notice of contest or have become parties, the Commission retains jurisdiction to hear employee complaints over the reasonableness of the abatement period. If, however, the settlement agreement calls for immediate abatement of the hazardous condition, the Commission has no jurisdiction to review the settlement agreement.
 
 
 14
 Id. at 931.
 
 
 15
 The other circuits that have addressed this issue have likewise held that the employee's right to contest a settlement is limited once the employer has withdrawn its contest of the citation.
 
 
 16
 In Donovan v. International Union Allied Industrial Workers, 722 F.2d 1415 (8th Cir.1983), an OSHA official issued a citation against Whirlpool Corporation which characterized the violation as "serious", proposed a penalty of $800.00, and called for abatement of the hazardous activity. In a subsequent settlement agreement the Secretary changed the characterization of the violation from "serious" to "other" than serious and dropped the penalty. In return, Whirlpool chose not to contest the citation and agreed to abate the hazard within 60 days. The Union at Whirlpool contested the Secretary's changing of the violation from "serious" to "other". The matter ultimately reached the Review Commission which refused to approve the settlement based upon the objection by the Union. The Secretary appealed asserting that the Union had no right to object to, nor did the Commission have any right to review, any aspect of the settlement between the Secretary and the employer, other than the issue regarding the reasonableness of the abatement period. Id. at 1416-17.
 
 
 17
 In its decision, the Eighth Circuit agreed with the position taken by the Secretary. The court held:
 
 
 18
 We hold, therefore, that the withdrawal of an employer's contest to an OSHA citation or penalty ousts the Commission of jurisdiction to review the citation, the penalty, or the Secretary's settlement of them, except as to the reasonableness of the abatement time where an employee or a union has duly raised that issue.
 
 
 19
 Id. at 1422.
 
 
 20
 The Fifth Circuit also had an occasion to consider this matter. In Donovan v. Oil, Chemical and Atomic Workers International, 718 F.2d 1341 (5th Cir.1983) the facts were similar to the above case in that subsequent to an OSHA citation the Secretary and the employer entered into a settlement agreement. The Secretary agreed to reduce the citation from "serious" to "non-serious" and to eliminate the penalty. The employer, on the other hand, agreed to withdraw its notice of contest.
 
 
 21
 The Fifth Circuit agreed with the position of the Secretary that the employees' rights to challenge the settlement are limited once the employer has withdrawn its notice to contest. Specifically the court held:
 
 
 22
 We hold that employees may participate fully as parties once the employer has filed a notice of contest, and hence are not limited to challenging the reasonableness of the abatement period at such proceeding. If the employer subsequently withdraws its notice of contest, however, the employees are limited to challenging the abatement period; and the Commission loses jurisdiction to entertain the employees' petition for review of the settlement agreement terms.
 
 
 23
 Id. at 1353.
 
 
 24
 This court would truly belabor the point to the level of redundancy to detail all of the other circuits decisions concerning the matter presently before this court. However, we note with approval the decisions of the other circuits in favor of the Secretary that have considered the rights of contesting employees and the jurisdiction of the Commission. See, e.g., Donovan v. United Steel Workers, 722 F.2d 1158, 1160 (4th Cir.1983); Oil, Chemical & Atomic Workers v. Occupational Safety and Health Review Commission, 671 F.2d 643, 650 n. 7 (DC Cir.1982); Marshall v. Sun Petroleum Products Co., 622 F.2d 1176, 1185 (3rd Cir.1980); Marshall and IMC Chemical Group v. OSHRC, 635 F.2d 544, 551 (6th Cir.1980).
 
 
 25
 Applying the facts of this case to the preceeding authority, it is clear that the position taken by the Secretary must prevail. We hold that once Engelhard withdrew its contest to the citation, the Union here was left only with the right to challenge the abatement period. The Union does not have a right to be heard on any other objections it may have regarding the settlement agreement. The awarding of party status does not equate a right to a factual hearing on objections the employees have as to the recharacterization of the OSHA violation. Further, the Commission has no jurisdiction to entertain any such objections based on the facts of this case.
 
 
 26
 Based on the above, we therefore hold that the order of the Commission should be and is hereby REVERSED.
 
 
 
 *
 Honorable Daniel Holcombe Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation