Raymond J. DONOVAN, Secretary of Labor, Petitioner,

v.

ALLIED INDUSTRIAL WORKERS OF AMERICA and its Local No. 876, Respondents.

No. 83–2831.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 2, 1984.
Decided April 22, 1985.

Domenique Kirchner, U.S. Dept. of Labor, Washington, D.C., for petitioner.

Matthew R. Robbins, Goldberg, Previant, Uelmen, Gratz, Miller & Breggeman, Milwaukee, Wis., for respondents.

Before WOOD and FLAUM, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

In this petition to review an order of the Occupational Safety and Health Review Commission, we are asked to determine whether the Occupational Safety and Health Act of 1970[1] permits affected employees or their representative to challenge in administrative proceedings a settlement agreement between the Secretary of Labor and a cited employer where the employee challenge is not limited to the reasonableness of the period allowed in the settlement for abatement. Originally in *Mobil Oil Corp.,*[2] the Commission had held that employees should be heard on all aspects of employer-contested citations and at all stages of the Review Commission proceedings including settlement. This decision, however, was reversed. *Donovan and Mobil Oil Corporation, Intervenor v. Occupational Safety and Health Review Commission,* 713 F.2d 918 (2d Cir.1983). Since that decision and others, the Commission has re-examined its own precedent and now holds that employees or their representative may object only to the reasonableness of the period of time allowed in a settlement agreement for abatement, and not to the manner of abatement. *Pan American World Airways, Inc.,* 1984 O.S.H. DEC. (CCH) ¶ 26,920.

This circuit, in *International Union (UAW) v. Occupational Safety and Health Review Commission,* 557 F.2d 607 (7th Cir.1977), foreshadowed our decision in this case by holding that the Commission may review only the reasonableness of the period of time fixed in the citation for abatement of the violation. In the present case, however, the circumstances are somewhat different as we are examining a settlement agreement in a proceeding in which the employees had elected to participate as parties.[3]

The facts may be briefly summarized. The Secretary had issued a citation against Archer Daniels Midland Company of Decatur, Illinois, for two violations of § 5(a)(1) of the Act[4] which the company contested. The violations were for failure to equip freight elevators and elevator landings with entrance doors or gates. The employees' representative requested and was granted party status. The citation had directed that the two hazards respectively be abated by March 23, 1983 and June 20, 1983, and that the company be fined $560 for each violation. The Secretary and the employer thereafter entered into a settlement agreement which cut the penalty in half and extended the abatement time for both violations to July 1, 1983. The union objected to the penalty reduction and charged that the employer already had defaulted on the first abatement date. The administrative law judge scheduled a hearing on the union's objections. The Secretary sought to vacate the hearing assignment and to enter the settlement agreement or, alternatively, certification of an interlocutory appeal. The administrative law judge denied the Secretary's motion to vacate the hearing assignment, and his request for certification. The Secretary then petitioned the Commission for interlocutory appeal. When the Commission failed to rule on the petition, the Secretary petitioned this court for review of the hearing order.

The union questions the jurisdiction of this court on the ground that the order appealed from does not finally determine the merits of the case. The Secretary ar-

---

* The Honorable Clement F. Haynsworth, Senior Circuit Judge of the Fourth Circuit, is sitting by designation.

1. 29 U.S.C. § 651 *et seq.*

2. 10 O.S.H. Cas. (BNA) 1905 (1982).

3. 29 U.S.C. § 659(c).

4. 29 U.S.C. § 654(a)(1).

gues that the order appealed from falls within the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Applying the *Cohen* criteria in related circumstances, other circuits have found that orders which effectively conclude that the Commission has jurisdiction to review all union or employee objections to settlement agreements or which in some other way infringe upon the Secretary's prosecutorial discretion and enforcement powers are collaterally final and reviewable.[5] We need not detail the *Cohen* analysis of appealability here; other circuits already have competently done so, and we join in finding such an order appealable under *Cohen.*

On the merits we likewise join the other circuits in holding that employees or their representative, despite their party status, are not entitled to a hearing on all objections to the settlement agreement between the Secretary and their employer.[6] Only the reasonableness of the abatement period may be challenged. The decision to settle a citation is an exercise of the Secretary's prosecutorial discretion and enforcement powers. Once a settlement agreement is reached and the employer attendantly withdraws its notice of contest to the citation or penalty, the Commission is ousted of jurisdiction to review employee or union objections to the method of abatement or the penalty imposed.

That the Secretary in the past had acceded to Commission review of his settlement agreements does not mean that he is forever bound to accept unquestionably the Commission's purported plenary jurisdiction over settlements. We view the exercise of such jurisdiction as an infringement on the prosecutorial discretion of the Secretary. The union urges us to impose on the Secretary the constraints which the NLRB imposes on its general counsel in reviewing settlements. *NLRB v. Martin A. Gleason, Inc.,* 534 F.2d 466, 482 (2d Cir.1976). To try to construct that analogy in deciding the present issue would be an unrewarding excursion.

We decide this case without turning any new legal soil, and intend only to make clear that the law in this circuit on the particular issues involved is as it is in the other circuits.

REVERSED.

**5.** *Donovan v. Int'l Union, Allied Industrial Workers,* 722 F.2d 1415 (8th Cir.1983) (Commission order remanding settlement agreement to ALJ for consideration of union objections to reduction of penalty); *Donovan v. United Steelworkers,* 722 F.2d 1158 (4th Cir.1984) (order by ALJ setting date for hearing on union's objections to merits of settlement agreement); *Donovan and American Petrofina Co. v. Oil, Chemical and Atomic Workers Int'l Union,* 718 F.2d 1341 (5th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984) (Commission order denying Secretary's motion to vacate the order for review); *Donovan and Mobil Oil Corp. v. OSHRC and Petroleum Trades Employees Union,* 713 F.2d 918 (2d Cir.1983) (Commission order remanding proposed settlement agreement to ALJ for consideration of union objections to method of abatement); *Marshall and American Cyanamid Co. v. Oil, Chemical & Atomic Workers Int'l Union and OSHRC,* 647 F.2d 383 (3d Cir.1981) (Commission order granting union's petition for review of its objections to settlement agreement); *Marshall and IMC Chemical Group, Inc. v. OSHRC,* 635 F.2d 544 (6th Cir.1980) (Commission order denying Secretary's motion to withdraw citation).

**6.** *Donovan v. Local 962, Int'l Chemical Workers Union,* 748 F.2d 1470 (11th Cir.1984); *Donovan v. Int'l Union, Allied Industrial Workers,* 722 F.2d 1415 (8th Cir.1983); *Donovan v. United Steelworkers,* 722 F.2d 1158 (4th Cir.1983); *Donovan v. Oil, Chemical & Atomic Workers Int'l Union,* 718 F.2d 1341 (5th Cir.1983); *Donovan and Mobil Oil Corp. v. OSHRC and Petroleum Trades Employees Union,* 713 F.2d 918 (2d Cir. 1983).