770 F.2d 168
 12 O.S.H. Cas.(BNA) 1520
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STEELWORKERS OF AMERICA, LOCAL 2243, PETITIONER,
v.
SECRETARY OF LABOR OCCUPATIONAL SAFETY AND HEALTH REVIEW
COMMISSION, RESPONDENTS,
COPPERWELD STEEL COMPANY, INTERVENOR-RESPONDENT.
 
 NO. 84-3617
 United States Court of Appeals, Sixth Circuit.
 7/30/85
 O.S.H.R.C.
 AFFIRMED
 ON PETITION TO REVIEW AN ORDER OF THE OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION
 Before: MARTIN and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case stems from an alleged violation of section 5(a)(1) of the Occupational Safety and Health Act of 1970, 29 U.S.C. Sec. 654(a)(1), on April 25, 1979. A Citation and Notification of Penalty was issued to Intervenor Copperweld Steel Company on May 8, 1979. Copperweld contested the citation, and the case was assigned to an administrative law judge. The United Steelworkers of America, Local 2243, filed for party status as the authorized employee representative under 29 U.S.C. Sec. 659(c) on September 26, 1979.
 
 
 2
 The administrative law judge on April 24, 1980, issued a decision vacating the citation on the ground that the Secretary of Labor had failed to prove a violation of the Act. The Secretary on May 21, 1980, filed a Petition for Discretionary Review with the Occupational Safety and Health Review Commission. The Commission granted the petition on May 27, 1980, and subsequently directed the parties to file opening briefs by January 18, 1982.
 
 
 3
 Instead of a brief, however, the Secretary on January 18, 1982, filed a Motion to Withdraw Petition for Discretionary Review, refiled on February 24, 1982. The Commission initially granted the motion to withdraw in an order issued March 30, 1982, but rescinded that order on April 5, 1982, and on December 2, 1982, issued an order deferring a ruling on the motion pending consideration of the merits of the case. The Secretary sought review of the December 2 order in this Court, but we held on April 9, 1984, that the case was not yet ripe for review. Donovan v. United Steelworkers, Local 2243, 731 F.2d 345 (6th Cir. 1984).
 
 
 4
 The Commission then issued a decision on June 29, 1984, granting the motion to withdraw. The Steelworkers petitioned for review and Copperweld was granted intervenor status.
 
 
 5
 Subsequent to the filing of all briefs except the Steelworkers' reply brief, this Court held that, once the adjudicatory process is fully in place under the Act, the union has full rights as a party to contest the withdrawal of the citation. Donovan v. United Transportation Union, 748 F.2d 340, 345 (6th Cir. 1984), petition for cert. filed, 53 U.S.L.W. 3778 (U.S. Apr. 12, 1985) (No. 84-1634). In the normal situation, therefore, this case would be remanded to the Commission for a decision on the merits.
 
 
 6
 This, however, is not the normal case. It is clear from the decision and order of the administrative law judge that the design of Copperweld's workplace eliminated the potential for any serious physical harm or death. Minor physical harm, such as occurred in this case when one employee's neck was burned, is not prohibited by the statute, but in any case even that danger has been eliminated by Copperweld's revised procedures.
 
 
 7
 The Steelworkers have been pursuing this meritless case for more than six years now. If we followed the normal course and remanded for consideration on the merits by the Commission, we could confidently expect a decision for Copperweld followed by yet a third appeal to this Court. Although there is no evidence that the union's undue tenacity results from any motive more blameworthy than an excess of zeal, judicial and administrative resources are too valuable to devote indefinitely to a case of this nature.
 
 
 8
 We are aware that in the normal case an administrative order cannot be upheld 'unless the ground upon which the agency acted in exercising its powers were those upon which its action can be sustained.' SEC v. Chenery Corp., 318 U.S. 80, 95 (1943). But the reason for this rule, as the Supreme Court made clear, is that the agency alone is authorized to find facts and make determinations of policy or judgment. Id. at 88. Here the facts are not in dispute and our holding is not based on a determination of policy or judgment but on the clear meaning of the statute, a 'ground within the power of the appellate court to formulate.' Id. We emphasize that our holding is bound by the facts and procedural posture of this case, and thus has little if any precedential effect.
 
 
 9
 The decision is affirmed.
 
 
 10
 KRUPANSKY, Circuit Judge, specially concurring.
 
 
 11
 Although I concur in the majority disposition, I am of the opinion that this circuit's decision in Donovan v. United Transportation Union, 748 F.2d 340 (6th Cir. 1984), petition for cert filed, 53 U.S.L.W. 3778 (U.S. Apr. 12, 1985) (No. 84-1634) should be replaced by the more logical reasoning expressed in Donovan v. OSHRC, 713 F.2d 918 (2d Cir. 1983); Donovan v. United Steelworkers, 722 F.2d 1158 (4th Cir. 1983); and Marshall v. Sun Petroleum Products Co., 622 F.2d 1176, 1185-88 (3d Cir.), cert. denied, 449 U.S. 1061 (1980).