Raymond J. DONOVAN, Secretary of Labor, and Cuyahoga Valley Railway Company, Petitioners,

v.

UNITED TRANSPORTATION UNION and Occupational Safety and Health Review Commission, Respondents.

Nos. 82–3771, 82–3773.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1983.

Decided Feb. 13, 1986.

Shelley D. Hayes, T. Timothy Ryan, Jr., Frank A. White, Dennis K. Kade, Robert D. McGillicuddy (argued), U.S. Dept. of Labor, Washington, D.C., for petitioners in No. 82–3771.

Thomas H. Barnard (argued), Squire, Sanders & Dempsey, Cleveland, Ohio, for petitioners in No. 82–3773.

Ray Darling, Occupational Safety and Health Review Com'n, Washington, D.C., C. Richard Grieser, Grieser, Schafer, Blumensteil & Slane, Richard Huhn (argued), Columbus, Ohio, for respondents in No. 82–3771.

Ray Darling, Occupational Safety and Health Review Com'n, Washington, D.C., Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondents in No. 82–3773.

Richard Huhn (argued), Grieser, Schafer, Blumenstiel & Slane, Columbus, Ohio, for United Transp. Union.

Before MARTIN and JONES, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

This case is before the court on remand from the United States Supreme Court, which reversed this court's prior judgment. *See Donovan v. United Transportation Union*, 748 F.2d 340 (6th Cir.1984), *rev'd* *sub nom. Cuyahoga Valley Railway Co. v. United Transportation Union*, —— U.S. ——, 106 S.Ct. 286, 88 L.Ed.2d 2 (1985).

In 1976 the Secretary of Labor filed a complaint with the Occupational Safety and Health Review Commission citing the Cuyahoga Valley Railway Company for violations of the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq* (1982). The union representing the employees of the company moved to intervene. At a hearing before an administrative law judge, the Secretary moved to vacate the citation on jurisdictional and other grounds, which motion was granted by the ALJ. The Commission took discretionary review and, in 1982, reversed, remanding the case to the ALJ for consideration of the union's objections to withdrawal of the complaint. The proceedings below have been stayed pending the outcome of this appeal.

In its prior opinion, this court upheld the Commission's power to review the Secretary's decision to withdraw the citation, 748 F.2d at 343, and affirmed the Commission's decision. *Id.* at 347. The Supreme Court reversed, holding that the Secretary has the sole authority to issue or withdraw a citation. 106 S.Ct. at 288.

Since the Commission did not have jurisdiction to review once the Secretary had decided to withdraw the citation, the Commission's decision must be VACATED, *see Donovan v. International Union, Allied Industrial Workers (Whirlpool)*, 722 F.2d 1415 (8th Cir.1983), and the cause REMANDED for appropriate proceedings.