UNITED STEELWORKERS OF
AMERICA, LOCAL NO. 185,
et al., Petitioners,

v.

Alexis M. HERMAN, Secretary of
Labor and LTV Steel Company,
Inc., Respondents.

No. 99–1402.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 9, 2000.

Decided June 23, 2000.

Jeremiah A. Collins argued the cause and filed the briefs for petitioners.

Mark S. Flynn, Senior Appellate Attorney, United States Department of Labor, argued the cause for respondent Secretary of Labor. With him on the briefs were Allen H. Feldman, Associate Solicitor, and Nathaniel I. Spiller, Deputy Associate Solicitor.

Mark D. Katz argued the cause and filed the brief for respondent LTV Steel Company, Inc. Andrew A. Paisley entered an appearance.

Before: EDWARDS, Chief Judge, RANDOLPH and GARLAND Circuit Judges.

Opinion for the Court filed by Chief Judge EDWARDS.

HARRY T. EDWARDS, Chief Judge:

Three local chapters of the United Steelworkers of America ("Union") bring this petition for review challenging the Occupational Safety and Health Review Commission's ("Commission") refusal to review an administrative law judge's ("ALJ") decision approving a settlement between LTV Steel Company, Inc. ("LTV" or "Company") and the Secretary of Labor ("Secretary"). The Secretary had inspected LTV's facilities and cited the Company for numerous violations of the Occupational Safety and Health Act of 1970 ("Act"), 29 U.S.C. §§ 651–678 (1994). LTV contested the citations and the case was set before an ALJ. Before the case ever reached the hearing stage, however, LTV and the Secretary settled. The Union challenged the settlement on the ground that one of the provisions effectively granted LTV a variance from the Occupational Health and Safety Administration's ("OSHA") regulations. The Union argued that the Secretary is prohibited from granting variances in settlements and urged the ALJ to reject the settlement. The ALJ approved the settlement, and the Commission denied the Union's petition to review that decision.

In the petition for review filed with this court, the Union contends that the Commission's failure to reject the settlement was arbitrary and capricious. The Union asserts that, although settlement agreements are rarely subject to challenge, employees should, nonetheless, be allowed to challenge a settlement agreement when the Secretary has granted a variance in the settlement. In other words, the Union claims that the Secretary acted in excess of her statutory authority in granting a variance pursuant to a settlement, and, therefore, the settlement should be vacated.

The Union's argument fails. During oral argument, Union counsel effectively conceded that the settlement agreement does not in fact grant LTV a variance from OSHA's regulations; in other words, the principal premise underlying the Union's argument is missing. We therefore have no occasion to address the issue posed by the Union, for the claim that it raises lacks foundation. The law is otherwise clear that employee challenges to settlement

agreements are limited to whether the agreed time for abatement is reasonable. The Union makes no objection to the settlement's abatement time, so it has no right to challenge the settlement. Accordingly, the Union's petition for review is denied.

## I. BACKGROUND

Following an OSHA inspection of LTV's Cleveland, Ohio steel mill, the Secretary issued LTV two citations alleging over 60 violations and proposing $242,000 in penalties. Only one item is at issue in this case. Item 12b of the first citation alleged a violation of 29 C.F.R. § 1910.179(n)(4)(i), which provides that "[a]t the beginning of each operator's shift, the upper limit switch of each hoist shall be tried out under no load." 29 C.F.R. § 1910.179(n)(4)(i) (1998). The Secretary alleged that LTV violated this standard by testing the switch with lifting devices still attached to the hook. *See* OSHA Citation and Notification of Penalty at 13, *reprinted in* Joint Appendix ("J.A.") 1, 13 (charging that "[t]he upper limit switch of each hoist was not tried out under no load, at the beginning of each operator's shift," because, in one of the shops, "some operators who were testing the upper limit switch were doing so with the spreader bar on the hook").

LTV contested the citations, and the case was placed on the Commission's docket. The Union sought and obtained party status in the administrative proceeding. The proceeding never took place, however. Instead, the Secretary and the Company, after consulting with the Union, resolved the issues and agreed to a settlement; LTV withdrew its contest to the citation. With respect to Item 12b, the parties agreed that

> the required test may be performed with or without removing lifting devices from the cranes so long as LTV Steel's policy and practice is to require that the crane be moved to a safe location and, further, employees do not stand directly below or along the side of the crane during the test.

Stipulation and Settlement Agreement at 2–3, *reprinted in* J.A. 65, 66–67.

The Union objected to this part of the settlement on the ground that the settlement was contrary to the regulation and, in effect, granted LTV a variance from the standard. The Union argued that the Secretary is not authorized to grant variances in settlements. Although the Union conceded that, normally, it was free to challenge only the reasonableness of abatement dates in settlements, it nonetheless urged the ALJ to reject the settlement, arguing that the Secretary's actions were arbitrary and capricious and did not comply with the Act. The Company countered, simply, that the Union had no standing to contest the settlement agreement.

The ALJ approved the settlement. *See Secretary of Labor v. LTV Steel Co.,* OSHRC Docket No. 98–0956, Order Approving Settlement (June 21, 1999), *reprinted in* J.A. 91. The Commission denied the Union's petition for discretionary review of the ALJ's decision, *see Secretary of Labor v. LTV Steel Co.,* OSHRC Docket No. 98–0956, Notice of Final Order (Aug. 10, 1999), *reprinted in* J.A. 104, and this petition for review followed.

## II. DISCUSSION

Although the Union acknowledges that employee challenges to settlements are limited, the Union argues that it nonetheless should be allowed to challenge the settlement at issue in this case, because, by granting the Company a variance in the settlement, the Secretary exceeded her statutory authority. On the record at hand, we find no merit in this claim.

The Secretary's prosecutorial power to enforce the Act is broad. *See Cuyahoga Valley R.R. v. United Transp. Union,* 474 U.S. 3, 6–7, 106 S.Ct. 286, 88 L.Ed.2d 2 (1985). In particular, she is charged with vindicating the public rights embodied in the Act. *See Atlas Roofing Co. v. OSHRC,* 430 U.S. 442, 444–47, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977). She

has the sole responsibility to enforce the Act and she "is the exclusive prosecutor of OSHA violations." *Oil, Chem. and Atomic Workers v. OSHRC ("American Cyanamid")*, 671 F.2d 643, 649 (D.C.Cir.1982). If the Secretary issues a citation and proposed penalty that are not challenged, they become final and are not reviewable by any court. *See* 29 U.S.C. § 659(a). If the citation is contested, the Commission adjudicates the dispute and is empowered to affirm, modify, or vacate the Secretary's citations and proposed penalties. *See Id.* at § 659(c).

 Employees and employee representatives play only limited roles in the prosecutorial and enforcement processes under the Act, and their rights to challenge the Secretary's prosecutorial and enforcement decisions are narrowly circumscribed. *See Donovan v. OSHRC*, 713 F.2d 918, 926 (2d Cir.1983). If the Secretary issues a citation, but the employer does not challenge it, employees may only challenge whether the abatement date in the citation is reasonable. *See* 29 U.S.C. § 659(c). If the employer does challenge a citation, employees may then participate as full parties in any proceeding before the Commission. *See American Cyanamid*, 671 F.2d at 648–49. Cases sometimes settle before they reach the Commission proceedings, however. *See id.* at 650 ("Necessarily included within the [Secretary's] prosecutorial power is the discretion to withdraw or settle a citation issued to an employer, and to compromise, mitigate or settle any penalty assessed under the Act."). If a case settles, employee rights of participation are again closely circumscribed.

 Every circuit that has examined the issue has held that when a case settles, and the employer withdraws its contest to the citation, employees may only challenge–and the Commission may only consider–the reasonableness of the abatement time. *See Donovan v. Allied Indus. Workers*, 760 F.2d 783, 785 (7th Cir.1985); *Donovan v. Local 962, Int'l Chem. Workers Union*, 748 F.2d 1470, 1473 (11th Cir.

1984); *Donovan v. International Union*, 722 F.2d 1415, 1420–21 (8th Cir.1983); *Donovan v. United Steelworkers*, 722 F.2d 1158, 1160 (4th Cir.1983); *Donovan v. Oil, Chem., and Atomic Workers*, 718 F.2d 1341, 1352–53 (5th Cir.1983); *Donovan*, 713 F.2d at 929–31; *Marshall v. Sun Petroleum Prod. Co.*, 622 F.2d 1176, 1186–88 (3d Cir.1980); *see also American Cyanamid*, 671 F.2d at 650 n. 7 (noting in dicta that when a case settles, "employees are only empowered to invoke commission jurisdiction to object to the reasonableness of the abatement period"). As our sister circuits have ably explained, this rule is grounded in the Secretary's well-recognized prosecutorial discretion and the statutory limits on employee participation. We join our sister circuits and hold that when a case settles, and an employer withdraws its contest to the citation, "the only ground on which the Union may seek a hearing on a settlement is the unreasonableness of the abatement period." *Donovan*, 722 F.2d at 1160.

 The Union attempts to circumvent this rule by arguing that, even if employees are not allowed to challenge routine settlements, employees should be allowed to challenge settlements in which the Secretary has exceeded her statutory authority. The Union argues that the Secretary has exceeded her statutory authority here by effectively granting LTV a variance in the settlement. Variances, the Union argues, can only be granted through the rulemaking provisions of section 6 of the Act, 29 U.S.C. § 655, and cannot be granted in the context of an enforcement proceeding. Therefore, the Union argues, because the Secretary granted LTV a variance in an enforcement proceeding, she exceeded her statutory authority, and the Union should be able to challenge the settlement.

We need not entertain this argument because, as Union counsel was forced to concede at oral argument, the disputed settlement agreement in this case did not in fact grant LTV a variance. In other

words, the principal premise underlying the Union's argument is missing.

In its briefs to this court, the Union argued that the settlement granted LTV a variance from 29 C.F.R. § 1910.179(n)(4)(i), which provides that "[a]t the beginning of each operator's shift, the upper limit switch of each hoist shall be tried out under no load." The Union claimed that the regulation requires the company to test the switch with nothing–not even lifting devices–attached to the hook. The settlement, the Union asserted, grants LTV a variance, because it allows LTV to test the switch without removing the lifting devices from the hook. At oral argument, however, Union counsel conceded that if, under the settlement agreement, employees will not be exposed to any unsafe condition, then the Act has not been violated and no variance has been granted. This is precisely the posture of the instant case.

█ The settlement agreement at issue in this case insures that employees will not be exposed to danger while the switch is being tested. In the settlement, LTV agreed to require that the "crane be moved to a safe location" to perform the test. Both the Secretary and LTV interpret this language to mean that employees cannot be exposed to danger when the test is performed. The law is clear that the Act is only violated if employees could be exposed to dangers that the statute is designed to protect against. *See Astra Pharmaceutical Prod.,* 9 O.S.H. Cas. (BNA) 2126 (O.S.H.R.C.1981), *aff'd in part, remanded in part,* 681 F.2d 69 (1st Cir.1982). Because the Secretary and LTV are on record as stating that the settlement is intended to remove employee exposure, *a fortiori,* the settlement is not a variance.

Furthermore, there is no variance here, because the disputed regulation has never been definitively interpreted to require the employer to remove lifting devices before performing the test. The Union's interpretation of the regulation is one possible interpretation; but, as the Company ar-

gues, another possible interpretation is that the regulation simply requires the employer to remove any load from the lifting device before performing the test. Thus, because the settlement is not at odds with any definitive interpretation of the regulation, it does not grant LTV a variance. Significantly, at oral argument, both the Company and the Secretary conceded that if the regulation is later definitively interpreted strictly to require more than is required by the parties' settlement agreement, the subsequent regulatory interpretation will take precedence over the settlement and LTV would be bound by the more stringent interpretation.

The terms of the settlement agreement were entirely within the Secretary's statutory authority. Accordingly, because LTV has withdrawn its contest to the Secretary's citation and because no issue has been raised with regard to the abatement time, the Union has no right to challenge the settlement agreement.

### III. CONCLUSION

The petition for review is denied.

*So ordered.*