CUYAHOGA VALLEY RAILWAY CO. *v.* UNITED
TRANSPORTATION UNION ET AL.

No. 84–1634.   Decided November 4, 1985*

PER CURIAM.

The Secretary of Labor is authorized to inspect work sites
to uncover noncompliance with the Occupational Safety and

---

*Together with No. 85–170, *Brock, Secretary of Labor* v. *United
Transportation Union et al.*, also on petition for certiorari to the same
court.

Health Act.  29 U. S. C. § 657(a).  If, as a result of such an inspection, the Secretary discovers a violation of the Act, he is authorized to issue a citation to the employer fixing a reasonable time for the abatement of the violation, § 658(a), and assessing a penalty for the violation.  § 666.  The employer then has 15 days in which to contest the citation.  § 659(a). Similarly, employees have 15 days in which to challenge as unreasonable "the period of time fixed in the citation for the abatement of the violation."  § 659(c).  See generally *Whirlpool Corp.* v. *Marshall,* 445 U. S. 1, 9, n. 11 (1980).  The statute and rules of the Occupational Safety and Health Review Commission also permit affected employees to participate as parties in any hearing in which the employer contests the citation.  29 U. S. C. § 659(c); 29 CFR § 2200.20(a) (1985).

If an employer contests the citation, and the Secretary intends to seek its enforcement, the Secretary must file a complaint with the Commission within 20 days, and the employer must file an answer within 15 days.  29 CFR § 2200.33 (1985).  Once these pleadings are filed, a hearing to determine the validity of the citation will be held before an administrative law judge (ALJ), with discretionary review by the Commission.  29 U. S. C. §§ 659(c), 661(j).

In the present cases, the Secretary cited Cuyahoga Valley Railway Company for a violation of the Act.  Cuyahoga contested the citation, the Secretary filed a complaint with the Commission, and Cuyahoga filed an answer.  Respondent United Transportation Union, which represents Cuyahoga employees, properly moved to intervene in the proceedings. At the hearing, however, the Secretary moved to vacate the citation on the ground that the Federal Railway Administration, not the Secretary, had jurisdiction over the relevant safety conditions.  Despite the Union's objection, the ALJ granted the Secretary's motion and vacated the citation. Thereafter, the Commission directed review of the ALJ's order.  The Secretary promptly objected to this action, as-

serting that part of the citation involved matters beyond the reach of the Act and that additional portions of the citation did not warrant litigation because of the state of the evidence. He also stated that the record before the Commission was inadequate to resolve the issue posed.[1] Some six years later, the Commission rejected this submission and remanded the case to the ALJ for consideration of the Union's objections.

The Court of Appeals for the Sixth Circuit affirmed the Commission's holding that it could review the Secretary's decision to withdraw a citation. *Donovan* v. *United Transportation Union*, 748 F. 2d 340 (1984). The court recognized that the Secretary "has the sole authority to determine whether to prosecute" a violation of the Act. *Id.*, at 343. Here, however, the court found that the Secretary "had already made the decision to prosecute by filing a complaint and that complaint had been answered at the time the Secretary attempted to withdraw the citation." *Ibid.* Because the "adversarial process was well-advanced at the time the Secretary attempted to withdraw the citation," the court reasoned that the Commission, "as the adjudicative body, had control of the case and the authority to review the Secretary's withdrawal of the citation." *Ibid.*[2]

---

[1] Vacating the citation thus did not rest solely on jurisdictional grounds. Nor did the Court of Appeals' decision sustaining the Commission's order focus on jurisdiction. Its holding would permit review by the Commission of the Secretary's withdrawal of any citation, whatever the reason, provided the adversarial process was sufficiently advanced to vest control in the Commission. For these reasons and because the issue relates to the statutory division of authority between the Secretary and the Commission, rather than the question of judicial review of administrative action, the cases do not pose the question whether an agency's decision, resting on jurisdictional concerns, not to take enforcement action is presumptively immune from judicial review under the Administrative Procedure Act, 5 U. S. C. § 701(a)(2). See *Heckler* v. *Chaney*, 470 U. S. 821, 833, n. 4 (1985).

[2] The Court of Appeals also relied to some extent on the position of the Commission as to the scope of its powers. The Commission, however, has

Contrary to the Sixth Circuit's decision, eight other Courts of Appeals have held that the Secretary has unreviewable discretion to withdraw a citation charging an employer with violating the Occupational Health and Safety Act. *Donovan* v. *Allied Industrial Workers (Midland)*, 760 F. 2d 783, 785 (CA7 1985); *Donovan* v. *Local 962, International Chemical Workers Union (Englehard)*, 748 F. 2d 1470, 1473 (CA11, 1984); *Donovan* v. *International Union, Allied Industrial Workers (Whirlpool)*, 722 F. 2d 1415, 1422 (CA8 1983); *Donovan* v. *United Steelworkers of America (Monsanto)*, 722 F. 2d 1158, 1160 (CA4 1983); *Donovan* v. *Oil, Chemical and Atomic Workers International (American Petrofina)*, 718 F. 2d 1341, 1352–1353 (CA5 1983), cert. denied, 466 U. S. 971 (1984); *Donovan* v. *Occupational Safety and Health Review Comm'n (Mobil Oil)*, 713 F. 2d 918, 926–927 (CA2 1983); *Oil, Chemical and Atomic Workers International* v. *Occupational Safety and Health Comm'n (American Cynamid)*, 217 U. S. App. D. C. 137, 144–145, 671 F. 2d 643, 650–651, cert. denied, 459 U. S. 905 (1982); *Marshall* v. *Sun Petroleum Products Co.*, 622 F. 2d 1176, 1187 (CA3), cert. denied, 449 U. S. 1061 (1980). We agree with the decisions of these courts.

It is apparent that the Court of Appeals' decision is inconsistent with the detailed statutory scheme which contemplates that the rights created by the Act are to be protected by the Secretary. See *Atlas Roofing Co.* v. *Occupational Safety and Health Comm'n*, 430 U. S. 442, 444–447 (1977); *Mobil Oil, supra,* at 927; *Sun Petroleum Products, supra,* at 1187. It is also clear that enforcement of the Act is the sole responsibility of the Secretary. *Oil, Chemical and Atomic Workers International* v. *Occupational Safety and Health Comm'n, supra,* at 143, 671 F. 2d, at 649. It is the Secre-

since revised its view and now declines to review the Secretary's dismissal of a citation. *Pan American World Airways, Inc.,* 1984 OSHD ¶ 26,920; *American Bakeries Co.,* 1984 OSHD ¶ 26,951; *Copperweld Steel Co.,* 1984 OSHD ¶ 26,956.

tary, not the Commission, who sets the substantive standards for the workplace, and only the Secretary has the authority to determine if a citation should be issued to an employer for unsafe working conditions, 29 U. S. C. § 658. A necessary adjunct of that power is the authority to withdraw a citation and enter into settlement discussions with the employer. *Whirlpool, supra,* at 1420; *Mobil Oil, supra,* at 927. The Commission's function is to act as a neutral arbiter and determine whether the Secretary's citations should be enforced over employee or union objections. Its authority plainly does not extend to overturning the Secretary's decision not to issue or to withdraw a citation.

The Sixth Circuit's conclusion that the Commission can review the Secretary's decision to withdraw a citation would discourage the Secretary from seeking voluntary settlements with employers in violation of the Act, thus unduly hampering the enforcement of the Act. *Whirlpool, supra,* at 1420; *Mobil Oil, supra,* at 927. Such a procedure would also allow the Commission to make both prosecutorial decisions and to serve as the adjudicator of the dispute, a commingling of roles that Congress did not intend. *Whirlpool, supra,* at 1419; *Mobil Oil, supra,* at 930–931; *Sun Petroleum Products, supra,* at 1187. Indeed, the Commission itself was created to avoid giving the Secretary both prosecutorial and adjudicatory powers. See generally Senate Committee on Labor and Public Welfare, Subcommittee on Labor, 92d Cong., 1st Sess., Legislative History of the Occupational Safety and Health Act of 1970 (S. 2193, Pub. L. 91–596) (Comm. Print 1971). Accord, *Whirlpool, supra,* at 1419; *Mobil Oil, supra,* at 930–931, and n. 21. The other Courts of Appeals to address this problem have recognized the distinct roles of the Secretary and the Commission and accordingly have acknowledged that the Secretary's decision to withdraw a citation against an employer under the Act is

not reviewable by the Commission. Based on these considerations, the petitions for certiorari are granted, and the judgment of the Court of Appeals is

*Reversed.*

JUSTICE BRENNAN and JUSTICE BLACKMUN dissent from summary disposition. They would grant certiorari and set the cases for oral argument.

JUSTICE MARSHALL dissents from this summary disposition, which has been ordered without affording the parties prior notice or an opportunity to file briefs on the merits. See *Maggio* v. *Fulford*, 462 U. S. 111, 120–121 (1983) (MARSHALL, J., dissenting); *Wyrick* v. *Fields*, 459 U. S. 42, 51–52 (1982) (MARSHALL, J., dissenting).