Turgeon v. Cunningham                   CV-93-101-B    06/06/94

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Ronald Turgeon

        v.                              Civil No. 93-101-B

Michael J. Cunningham, Warden,
New Hampshire State Prison


**O R D E R**


     In my May 5, 1994 Order, I treated the defendant's motion to
dismiss as a motion for summary judgment and granted the motion
in part.  Specifically, I awarded judgment to the defendant with
respect to Turgeon's insufficiency of the evidence and his
disproportionate sentencing claims because I concluded that the
state court disposed of his claims on independent and adequate
state grounds.  The only issues remaining for decision are
Turgeon's claims that his trial counsel was ineffective and that
this alleged ineffectiveness was "cause" for counsel's failure to
preserve Turgeon's suggestive identification claim.  After
reviewing the transcript of the December 10, 1992 hearing before
Belknap County Superior Court Judge William O'Neil concerning
Turgeon's ineffective assistance of counsel claims, I agree with
Judge O'Neil that these claims lack merit.  Accordingly, I award

judgment to the defendant with respect to these claims as well.

## DISCUSSION

A.  Ineffective Assistance

The United States Supreme Court has established that "the right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984)(quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). Yet, "the Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993)(quoting United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991)).

A petitioner who challenges his conviction based on ineffective assistance of counsel must satisfy the following two requirements:

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to

2

> deprive the defendant of a fair trial, a
> trial whose result is reliable.

Strickland, 466 U.S. at 687; see United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993)(petitioner must establish both constitutionally deficient performance on his attorneys part and concomitant prejudice); United States v. Fisher, 3 F.3d 456, 463 (1st Cir. 1993)(petitioner must demonstrate that counsel fell below applicable standard for performance and that prejudice resulted); Barrett v. United States, 965 F.2d 1184, 1193 (1st Cir. 1992)(petitioner must show that counsel's deficient performance assumed unconstitutional dimensions and resulted in prejudice so serious that defendant was deprived of a fair trial whose result is reliable). A court considering an ineffective assistance claim need not address both prongs of the Strickland test if the petitioner makes an insufficient showing on either prong. Strickland, 466 U.S. at 697.

Judicial scrutiny of counsel's performance must be "highly deferential." Id. at 689; United States v. Soto-Alvarez, 958 F.2d 473, 478 (1st Cir. 1992). A court reviewing an ineffectiveness claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the

3

presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689; Lema, 987 F.2d at 51; Barrett, 965 F.2d at 1193; Soto-Alvarez, 958 F.2d at 478.

Finally, a habeas corpus claimant may not establish that he was prejudiced by counsel's performance unless he can demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., see also, Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Mere conclusory allegations" of prejudice are not sufficient to meet this exacting standard. Barkauskas v. Lane, 946 F.2d 1292, 1295 (7th Cir. 1991).

Turgeon contends that his trial counsel was constitutionally ineffective because: (1) he had only limited contact with Turgeon prior to trial, and (2) he failed to interview or call eight witnesses who Turgeon claims would have been helpful to his defense. Although he was given an opportunity to present evidence in support of his claim in state court, Turgeon chose to rely primarily upon his own unsworn assertions. After independently reviewing the state court record, I agree with

4

Judge O'Neil that "[m]ost, if not all, of Mr. Turgeon's allegations were presented to the court without testimony and based on self-serving declaration of Mr. Turgeon unsupported, for the most part, by any independent evidence." This is especially true with respect to Turgeon's claims that he was prejudiced by counsel's alleged inadequacies. Thus, even if counsel's performance was deficient, Turgeon is not entitled to the relief he seeks because he has not proved that he was prejudiced by counsel's alleged errors.[1]

B. Suggestive Identification Claim

Turgeon contends that his failure to preserve his suggestive identification claim should be excused because his trial counsel was constitutionally ineffective. The only evidence Turgeon offered to support this contention is the fact that trial counsel did not object. Obviously, counsel's mere failure to make an objection cannot, by itself, establish that counsel was constitutionally ineffective. If it could, then every

_____

[1]As I noted in my May 5, 1994 order, the United States Supreme Court has determined that habeas corpus petitioners have only a limited right to support a federal habeas corpus claim with evidence that was not presented in state court. See Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1721 (1992). Turgeon has not established that he has a right to present additional evidence under the standard established in Keeney.

5

prejudicial failure by counsel to preserve an issue would be excused and the cause prong of the cause and prejudice test would become meaningless. See Murray v. Carrier, 477 U.S. 478, 486 (1986) ("the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default"). In the present case, there are many possible explanations for counsel's failure to preserve the suggestive identification claim. I cannot conclude on the present record that counsel's failure to object was the result of ineffective assistance rather than sound tactical judgment. Accordingly, I cannot find cause for Turgeon's procedural default.

## CONCLUSION

For the reasons set forth in this order and my order of May 5, 1994, Turgeon's habeas corpus claim is dismissed.

The clerk is directed to enter judgment for the defendant.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 6, 1994

cc:   Ronald Turgeon
      Mark D. Attorri, Esq.
      S. David Siff, Esq.