37 F.3d 1499
 16 O.S.H. Cas. (BNA) 2069, 1994 O.S.H.D. (CCH)
P 30,585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James SMITH, Petitioner,
v.
The OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION, Respondent.
 No. 94-3381.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 Before: KEITH, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 James Smith petitions this court to review an order of the Occupational Safety & Health Review Commission (OSHRC) in which it denied his petition for review of a settlement agreement executed by the Secretary to resolve a citation issued to Smith's former employer. Smith requests the appointment of counsel and oral argument. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In June 1991, Smith filed a complaint under the Occupational Safety and Health Act (OSHA) against his employer, Procter & Gamble, in which he alleged that he was exposed to chemical fumes at work. The complaint resulted in an OSHA citation issued to Procter & Gamble due to improper storage of chemicals. Procter & Gamble contested the citation, but withdrew its challenge when it reached a settlement agreement with the Secretary of Labor on November 15, 1991.
 
 
 3
 Over two years later, Smith filed a petition with the OSHRC for review of the settlement agreement. After the Secretary of Labor submitted a letter in opposition, the OSHRC entered an order in which it dismissed the petition. Thereafter, Smith filed the instant timely petition for review of the OSHRC decision.
 
 
 4
 On appeal, Smith contends that he was not notified of the agency's actions taken with respect to his OSHA complaint. Respondent asserts that the OSHRC correctly denied the petition for review because no basis exists for review of the settlement agreement. Upon consideration, we deny the petition for review.
 
 
 5
 Generally, the OSHRC is without jurisdiction to review the Secretary of Labor's withdrawal of an OSHA citation. Cuyahoga Valley Ry. Co. v. United Transp. Union, 474 U.S. 3, 6-7 (1985) (per curiam). While employees possess some rights to participate and seek review of OSHA proceedings in very limited contexts, those circumstances are not present in this case. See Id. at 4; 29 U.S.C. Sec. 659(c). Here, there exists no statutory or other legal basis for petitioner's request for review of the settlement agreement reached in this case. Moreover, review of the record and appellant's brief reflects that petitioner is seeking money damages not available in the context of this proceeding.
 
 
 6
 Accordingly, petitioner's requests for appointment of counsel and for oral argument are denied, and the petition for review of the OSHRC order is denied. Rule 9(b)(3), Rules of the Sixth Circuit.