**Elaine CHAO,\* Secretary of Labor, Petitioner,**

v.

**SYMMS FRUIT RANCH, INC.; Occupational Safety & Health Review Commission, Respondents.**

**No. 98–71513.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2000

Filed March 9, 2001

Lee Grabel, United States Department of Labor, Washington, D.C., for the petitioner.

Candy W. Dale, Hall, Farley, Oberrecht & Blanton, P.A., Boise, Idaho, for the respondents.

Before: REAVLEY,** FERNANDEZ and THOMAS, Circuit Judges.

REAVLEY, Circuit Judge:

The Secretary of Labor (Secretary) petitions for review of a final order of the Occupational Safety and Health Review Commission (Commission). The Commission affirmed an order of an administrative law judge (ALJ), who held that respondent, Symms Fruit Ranch, Inc. (Symms), had violated an Occupational Safety and Health Administration (OSHA) safety regulation but that the violation was "de minimis" and the assessment of a penalty was therefore inappropriate. The Secretary contends that under the governing statuto-

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

ry scheme, the ALJ and the Commission had no authority to deem a violation de minimis and enter no sanction once they found that a safety violation had occurred. We conclude that the Commission did not exceed its authority and that substantial evidence supported its decision, and we accordingly deny the petition for review.

## BACKGROUND

Symms has a farming operation in Idaho. In 1997, OSHA conducted an inspection of the operation. It cited Symms for a "serious violation" of a safety standard related to Symms's use of a John Deere tractor. The Secretary is authorized to set occupational safety and health standards under the Occupational Safety and Health Act of 1970(Act), *see* 29 U.S.C. §§ 651(b)(3), 655, and is authorized to issue citations to employers and assess penalties for violations of such standards, *see* 29 U.S.C. §§ 658–59, 666.

OSHA proposed a penalty of $1,050. Symms contested the citation under 29 U.S.C. § 659(c), which brought the matter to the Commission. The case was assigned to an ALJ, who conducted an evidentiary hearing. The ALJ found that the tractor in question had a leveling blade attached to its rear, and that the tractor had a rear unguarded power take-off (PTO) shaft. The shaft was not engaged, since it was not needed for the leveling blade, and was partially guarded since it was located between the arms of a three-point hitch that was used to attach the tractor to the leveling blade.

The ALJ heard from a 20–year Symms employee, who testified that it was almost impossible to accidentally engage the PTO shaft, and from the tractor operator, who testified that the PTO shaft was not used with the leveling blade and that he had never heard of anyone accidentally engaging the PTO. The ALJ found that the exposed PTO shaft "poses no hazard to employees unless engaged. Moreover, the record shows that there is no real likeli-

hood of the PTO being activated in the absence of an intentional act."

The ALJ concluded that Symms had violated a safety standard, since OSHA regulations require that the rear take-off shaft of the tractor have a shield. Specifically, 29 C.F.R. § 1928.57(b)(1)(i), regulating farm field equipment, provides that "[a]ll power take-off shafts, including rear, mid or side-mounted shafts, shall be guarded either by a master shield, as provided in paragraph (b)(1)(ii) of this section, or by other protective guarding." While the regulation at section 1928.57(a)(7) contemplates that in some cases protection from moving machinery parts can be provided by "use of a guard or shield or *guarding by location*," this language applies "[e]xcept as otherwise provided in this subpart." The Secretary correctly argues that the regulation "otherwise provides" at subpart (b)(1)(i) that "*[a]ll* power take-off shafts ... *shall* be guarded either by a master shield ... or by other protective guarding." Hence, the regulation does not allow protection by location, as the ALJ also recognized.

However, even though the ALJ found a violation of the relevant safety standard, he concluded that the noncompliance with the standard

> posed no real hazard to employees, and that the violation should be reclassified as *de minimis*. Where, as here, an employer's failure to comply with a standard has been shown to bear a negligible relationship to employee safety or health the assessment of a penalty is inappropriate.

The ALJ therefore "affirmed as a *de minimis* violation without penalty."

The Secretary brought a petition for discretionary review, an administrative appeal to the Commission. Since no member of the Commission directed review, the ALJ's decision automatically became the final decision of the Commission. *See* 29 U.S.C. § 661(j). The Secretary then petitioned this court for review under 29 U.S.C. § 660(b). The Secretary argues

that the Commission has no authority to characterize a violation as de minimis and to order no penalty or abatement.

## DISCUSSION

█ Fact findings of the Commission should be affirmed "if supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 660(a). Substantial evidence supports the ALJ's findings that the unshielded PTO shaft violated a safety standard duly promulgated by the Secretary, but that the shaft posed only a "negligible relationship to employee safety or health."

The principal issue raised in this appeal, however, is the legal question of whether the Commission can characterize a violation as de minimis and therefore declare that no sanction is warranted. The Secretary argues that after she issues a citation and a violation of a safety standard is shown, the Commission has no authority to waive all sanctions by characterizing the violation as de minimis.

█ Generally, in matters of statutory construction made by an agency entrusted to administer a statute, the court must give effect to the unambiguously expressed intent of Congress. *Chevron, U.S.A., Inc. v. Nat. Res. Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If however Congress has not directly addressed the precise question at issue, the court should defer to the agency's interpretation as long as it is reasonable. *Id.* at 843–44, 104 S.Ct. 2778. An agency's construction of its own regulation is entitled to substantial deference. *See Martin v. OSHRC*, 499 U.S. 144, 150, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991). "[A] court may not substitute its own construction of a statutory provision for a reasonable interpretation made

by the administrator of an agency." *Chevron*, 467 U.S. at 844, 104 S.Ct. 2778. An interpretation is reasonable so long as it is not "arbitrary, capricious, or manifestly contrary to the statute." *Id.*

█ In this case the Secretary argues one interpretation of the statutory scheme, while the Commission takes a contrary position. "Where the interpretations of the Secretary and the Commission are in conflict . . ., we must defer to the Secretary's reasonable interpretation." *Herman v. Tidewater Pac., Inc.*[1] Such deference, however, is warranted "only if the Secretary's interpretation *is* reasonable." *Martin*, 499 U.S. at 158, 111 S.Ct. 1171. Because we reject the Secretary's interpretation, we do not reach the question of deference between the Secretary and Commission.

█ Looking to the statute at issue, the Act mandates that each employer "shall comply with occupational safety and health standards promulgated under this chapter." 29 U.S.C. § 654(a)(2). As discussed above, the Secretary is authorized to create safety standards, and in this case Symms violated such a standard relating to the shielding of the PTO shaft. The ALJ "affirmed" the citation, which had alleged that the violation of the safety standard was a "serious" violation, but he affirmed the citation "as a *de minimis* violation without penalty." The Secretary contends that the Commission exceeded its authority by characterizing the violation as de minimis and thereby waiving all penalties and remediation of the violation.

Section 17 of the Act provides:

(b) Citation for serious violation

Any employer who has received a citation for a *serious* violation of the requirements of section 654 of this title, of

---

1. 160 F.3d 1239, 1241 (9th Cir.1998) (citing *Martin*, 499 U.S. at 157–58, 111 S.Ct. 1171). We note that while *Martin* addressed conflicting interpretations by the Secretary and the Commission of a *regulation* promulgated by the Secretary, *see Martin*, 499 U.S. at 146,

111 S.Ct. 1171, *Tidewater Pacific* extends the deference afforded the Secretary to conflicting *statutory* interpretations by the Secretary and the Commission, *see Tidewater Pacific*, 160 F.3d at 1241.

any standard, rule, or order promulgated pursuant to section 655 of this title, or of any regulations prescribed pursuant to this chapter, *shall* be assessed a civil penalty of up to $7,000 for each such violation.

(c) Citation for violation determined not serious

Any employer who has received a citation for a violation of the requirements of section 654 of this title, of any standard, rule, or order promulgated pursuant to section 655 of this title, or of regulations prescribed pursuant to this chapter, and such violation is specifically determined *not* to be of a *serious* nature, *may* be assessed a civil penalty of up to $7,000 for each such violation.

29 U.S.C. § 666 (emphasis added).

The Secretary is authorized to issue citations for violations of safety requirements and regulations under 29 U.S.C. § 658(a). This section provides that "the citation shall fix a reasonable time for the abatement of the violation," but that the Secretary "may prescribe procedures for the issuance of a notice in lieu of a citation with respect to de minimis violations which have no direct or immediate relationship to safety or health." Looking at sections 666 and 658 together, even if a violation is not a "serious" violation under section 666(b), a non-serious violation under section 666(c) still requires abatement under section 658(a) if the Secretary issued a citation rather than a notice in lieu of a citation, unless the Commission has the authority to deem or "recharacterize" the violation as de minimis, i.e., one that is not subject to a fine, abatement, or any other sanction.

We have the benefit of decisions of other circuits which have addressed this issue. The First and Third Circuits recognize that the Commission has the authority to designate a safety violation as de minimis.

*See Reich v. OSHRC (Erie Coke Corp.);*[2] *Donovan v. Daniel Constr. Co.*[3] ("There is no doubt (and it is agreed) that the Act gives the Commission authority, in appropriate cases, to reduce violations to the *de minimis* category."); *see also Phoenix Roofing, Inc. v. Dole*[4] (quoting *Donovan* for proposition that "a violation of an OSHA standard may be classified as *de minimis,*" and that the result of such a determination "is that, though a violation has [technically] occurred, abatement is unnecessary and no penalty is imposed") (alteration in original). The Seventh Circuit, however, has agreed with the Secretary "that the Commission cannot label a violation *de minimis* and disregard it; that would transfer the Secretary's prosecutorial discretion to the Commission." *Caterpillar, Inc. v. Herman.*[5] We also note that Judge Becker penned a spirited dissent in *Erie Coke.*

We conclude that the Commission has the authority to affirm a citation for a safety violation but to designate the violation as a de minimis one. We believe that the Commission, as the body initially designated to review contested claims involving alleged violations of the Act, should have the authority to hold that the Act was not violated even if an employer, as a purely technical or literal matter, violated a safety standard, and that the statutory scheme allows for such a result. Adopting the Secretary's position would mean that once she issues a citation for a violation of a safety standard and establishes such a violation, the Commission has no authority to hold that the violation was so negligible or harmless that remediation is unnecessary. This view strikes us as an unreasonable reading of the statute.

Most significantly, the Act broadly authorizes the Commission in these circumstances to "issue an order ... affirming,

**2.** 998 F.2d 134, 135 (3d Cir.1993).

**3.** 692 F.2d 818, 821 (1st Cir.1982).

**4.** 874 F.2d 1027, 1031–32 (5th Cir.1989).

**5.** 131 F.3d 666, 668 (7th Cir.1997) (citing *Cuyahoga Valley Ry. v. United Transp. Union,* 474 U.S. 3, 106 S.Ct. 286, 88 L.Ed.2d 2 (1985)).

modifying, or *vacating* the Secretary's citation or proposed penalty, *or directing other appropriate relief."* 29 U.S.C. § 659(c) (emphasis added). Designating a violation as de minimis, in our view, falls within the Commission's statutory prerogatives of effectively vacating the citation or "directing other appropriate relief."

We agree with the majority in *Erie Coke,* which reasoned:

> The Commission has the statutory authority to affirm, modify, or vacate the Secretary's citation, or to direct other appropriate relief. Its action in reducing the violation to de minimis status clearly falls within that grant of power. The reduction of the offense level is analogous to the power of a court to reduce a criminal offense to a lesser level than the one charged in an indictment. That traditional procedure has not been considered to be a usurpation of prosecutorial discretion, but rather a necessary prerogative of the court.

*Erie Coke,* 998 F.2d at 139.

Judge Becker, in his dissent in *Erie Coke,* focuses on the language of section 658(a), discussed above. He reads this section as granting unreviewable discretion to the Secretary to deem a violation de minimis and to refrain from issuing a citation. He argues that "[t]o hold otherwise would allow the Commission effectively to review the Secretary's original decision to issue a citation rather than a de minimis notice, a result that I believe is barred by the reasoning in *Cuyahoga."* *Erie Coke,* 998 F.2d at 142. In *Cuyahoga,* the Supreme Court held, in a per curiam summary disposition, that the Secretary had unreviewable discretion to withdraw a citation it had issued. 474 U.S. at 6–7, 106 S.Ct. 286.

We believe that *Cuyahoga* is distinguishable. We read *Cuyahoga* as holding that the Secretary, like a prosecutor or any civil plaintiff, can decide to drop her claim or dismiss her suit. The case is consistent with the unremarkable general proposition that if a plaintiff no longer wishes to prosecute a case, the court cannot require him to continue. *Cuyahoga* strikes us as analogous to the storied IBM antitrust case, where the government decided it wanted to drop the case, and had some trouble persuading the district court that the case was over. *See In re Int'l Bus. Machs. Corp.,* 687 F.2d 591 (2d Cir. 1982).

In summary, we hold that the Commission has the authority, in cases where the Secretary has issued a citation, to hold that even if a safety standard was in some literal or technical sense violated, the application of the standard to the facts of the case is so far removed from any legitimate safety concern that the violation should be deemed de minimis.

The petition for review is DENIED and the Commission's order is AFFIRMED.