United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 05-61087

_____

ELAINE CHAO, SECRETARY, DEPARTMENT OF LABOR,

Petitioner,

versus

OCCUPATIONAL SAFETY AND HEALTH REVIEW
COMMISSION; SAW PIPES USA, INC,

Respondents.

-------------------------------------------------------------------------

Consolidated with No. 05-61089

ELAINE CHAO, SECRETARY, DEPARTMENT OF LABOR,

Petitioner,

versus

JINDAL UNITED STEEL CORP; OCCUPATIONAL SAFETY
AND HEALTH REVIEW COMMISSION

Respondents.

Before GARZA, DeMOSS, and OWEN, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

This case asks us to address the scope of the Occupational Safety and Health Review Commission's ("the Commission") authority to group, for penalty assessment, violations which were charged and proven on a per-instance basis. The statutory framework grants the Commission the authority to assess penalties, but the framework also requires that the Commission assess a penalty between $5,000 and $70,000 for each willful violation. *See* 29 U.S.C. § 666(a) and (j). In this case, the administrative law judge ("ALJ") found numerous willful violations, but grouped the willful violations, so as to treat each company as if it had only committed a single willful violation. Jindal and Saw Pipes argue that the grouping of these violations is consistent with the Commission's authority to assess penalties, while the Secretary of Labor ("the Secretary") argues that grouping these offenses violates the statutorily required minimum penalty for each offense. We agree with the Secretary and remand for reassessment of the penalty.

I

The facts of this case are not contested. Jindal and Saw Pipes ("the respondents") are related companies sharing space at the same facility. The ALJ found that, over the course of 1998 to 2000, Jindal committed 82 willful violations and Saw Pipes committed 59 willful violations of the

recordkeeping regulation, 29 C.F.R. § 1904.2(a),[1] by intentionally and knowingly failing to record certain work-related accidents or illnesses. In this court, the respondents did not file a cross-appeal challenging that ALJ's determination that each of these violations occurred or that each of these violations was willful.

In the Secretary's enforcement capacity, she can, through the Occupational Safety and Health Administration, investigate and cite violations of the Occupational Safety and Health Act ("OSH Act") and propose penalties for those violations. The Commission and the ALJ determine whether the facts support the citations and assess a penalty. In this case, the Secretary chose not to group the respondents' violations of the recordkeeping regulation and did not propose a single penalty for grouped offenses. Rather, she cited each individual recordkeeping violation and sought a penalty of $9,000 per willful violation for Jindal and $8,000 per willful violation for Saw Pipes. The respondents contested the proposed penalty; the ALJ responded by treating the respondents as if they had each only committed one willful violation and assessed a penalty of $70,000 for each. The Secretary appealed the ALJ's penalty assessment to the Commission. The two commissioners who heard the case on appeal did not reach an agreement on the propriety of the ALJ's grouping decision. Because all official action of the Commission requires an affirmative vote of two members, 29 U.S.C. § 661(f), the commissioners vacated the direction for review, therefore allowing this court to directly review the decision of the ALJ. 29 U.S.C. §§ 660(b) and 661(j); *W.G. Yates & Sons Constr. Co. v. OSHRC*, 459 F.3d 604, 606 (5th Cir. 2006) ("Because the Review Commission declined discretionary

[1] At the time the citations were issued, 29 C.F.R. § 1904.2(a) read, "Each employer shall, . . . (1) maintain in each establishment a log and summary of all recordable occupational injuries and illness for that establishment; and (2) enter each recordable injury and illness on the log and summary as early as practicable but no later than 6 working days after receiving information that a recordable injury or illness has occurred."

review of [respondent]'s citation, we treat the decision of the ALJ as a final order of the Commission.").

II

The ALJ's findings of fact and reasonable inferences drawn from those facts are reviewed for "substantial evidence." *MICA Corp. v. OSHRC*, 295 F.3d 447, 449 (5th Cir. 2002). The ALJ's "legal conclusions can only be set aside if they are arbitrary, capricious, an abuse of discretion, or not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Chao v. OSHRC*, 401 F.3d 355, 367 (5th Cir. 2005); *Corbesco, Inc. v. Dole*, 926 F.2d 422, 425 (5th Cir. 1991).[2]

As an initial matter we note that not all violations of the OSH Act are susceptible to per-instance citations, but the Commission has clearly held that recordkeeping violations can be cited on a per-instance basis, and that issue is not now before us. *Caterpillar, Inc.*, 15 O.S.H. Cas. (BNA) 2153, 1993 WL 44416, *22 ("[S]ection 1904.2(a)'s requirement to 'enter each recordable injury' can reasonably be read to involve as many violations as there were failures to record, particularly when the injuries took place over a period of time and involved different employees and different types of injury and treatment."); *see also Kaspar Wire Works, Inc. v. Sec'y of Labor*, 268 F.3d 1123, 1132 (D.C. Cir. 2001) (discussing the propriety of per-instance citations for recordkeeping violations). Although multiple recordkeeping violations may stem from a single company policy, each failure to record may represent a separate and distinct violation from each other failure to record. In this case, the ALJ affirmed that Jindal and Saw Pipes respectively committed 82 and 59 willful recordkeeping

---

[2] In *Chao v. OSHRC*, 401 F.3d 355, 376 (5th Cir. 2005) we stated, "This Court reviews the Commission's determination of the amount of an OSH Act penalty for abuse of discretion." We note in that case, the abuse of discretion standard was applied to the Commission's consideration of the statutory penalty factors in 29 U.S.C. § 666(j). The ALJ's consideration of the statutory penalty factors is not an issue in this case.

4

violations.

The statute covering willful violations, 29 U.S.C. § 666(a), states that employers who commit willful violations of the Act "may be assessed a civil penalty of not more than $70,000 for each violation, *but not less than $5,000 for each willful violation.*" *Id.* (emphasis added). This language would seem to indicate that where the Secretary has charged and the Commission has found multiple willful violations, the Commission must assess a penalty between $5,000 and $70,000 for each violation. The respondents contend that this reading of the statute is incorrect and that the Commission's authority to assess penalties is not so inflexible.

To support this position, the respondents argue that the Commission's authority to assess penalties entails an authority to group, where appropriate, multiple willful violations so as to treat the multiple willful violations as one willful violation. The appropriateness standard upon which the respondents rely stems from 29 U.S.C. § 666(j), which states,

> The Commission shall have authority to assess all civil penalties provided in this section, giving due consideration to the appropriateness of the penalty with respect to the size of the business of the employer being charged, the gravity of the violation, the good faith of the employer, and the history of previous violations.

*Id.* In this case, after considering size, gravity, good faith, and history, the ALJ determined that an appropriate penalty for each respondent was a single penalty of $70,000 for all willful violations and stated, "To effectuate the penalty, all willful items are grouped under one willful violation and assessed the maximum penalty of $70,000." *Jindal United Steel Corp.*, 2001 O.S.H.D. (CCH) P 32528, 2002 WL 221131, *30; *see also Saw Pipes*, 2005 WL 2697262, *18 ("Taking these factors into account, I find that a more appropriate penalty would be reached by grouping all recordkeeping instances into a single violation with a single penalty.").

By arguing that the ALJ's appropriateness determination may be used to modify the number of violations, the respondents misunderstand the relationship between § 666(a) and § 666(j) and the function of a mandatory minimum. The ALJ should not apply the appropriateness factors of § 666(j) first, and then manipulate the number of violations so that the penalty range fits his appropriateness determination. Rather, the ALJ should determine the penalty range based on the number of violations separately charged and proven and then assess an appropriate penalty from within that range.[3] This is consistent with the statutory structure. The Commission's authority to assess penalties is limited to the penalties "provided in this section." 29 U.S.C. § 666(j). For willful violations, the penalties provided in § 666 require that *each* willful violation be assessed a penalty within the range of $5,000 to $70,000. 29 U.S.C. § 666(a). Congress has set these as the boundaries for the Commission's application of the § 666(j) appropriateness factors; to the extent that the Commission disagrees with Congress's judgment as to what penalty is appropriate for any given willful violation, the Commission must yield to Congress.

This reading of the statutory language is underscored by the history of the statute. When the OSH Act was implemented initially in 1970, there was no mandatory minimum for willful violations and the maximum penalty was $10,000. OSH Act § 17(a), 84 Stat. 1606, 1607 (1970). The

---

[3] Although § 666(a) is a limitation on the Commission's authority to assess penalties, it should not be read as a restriction on the Secretary's prosecutorial discretion to cite only a single willful violation where the facts alleged would support numerous willful violations. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *see also Cuyahoga V. R. Co. v. United Transp. Union*, 474 U.S. 3, 7 (1985) ("The Commission's function is to act as a neutral arbiter and determine whether the Secretary's citations should be enforced over employee or union objections. Its authority plainly does not extend to overturning the Secretary's decision not to issue or to withdraw a citation."). In other words, the Secretary may group willful violations at the charging stage, whereas the Commission may not group per-instance willful violations at the penalty stage.

6

Commission was free to apply the appropriateness standard of § 666(j) without concern for violating any sort of statutory floor to the penalty assessment. But Congress added the $5,000 mandatory minimum in 1990, at the same time Congress increased the maximum penalty from $10,000 to $70,000. Pub.L. 101-508 § 3101(1), 104 Stat. 1388-29 (1990). The clear intent of Congress was to constrain the Commission's discretion in assessing minimum penalties for willful violations and to increase the amount of the penalties. Allowing the Commission to treat multiple willful violations as a single willful violation runs contrary to this intent.

Further, the respondents discuss at length that the Commission is not bound by the Secretary's penalty proposals. Without question, this is correct. *Chao v. OSHRC*, 401 F.3d 355, 376 (5th Cir. 2005) ("The Commission has the exclusive authority to assess penalties once a proposed penalty is contested."). This fact, though, is not relevant to the issue before us. The Secretary's charging decision ))whether to cite the employer for a single violation or for per-instance violations )) is not itself a penalty proposal. The penalty proposal is the amount the Secretary is seeking, not the number of violations. Therefore, the Commission's authority to set a penalty different from that proposed by the Secretary does not entail the authority to change the number of violations charged and disregard the number of violations proven. *See Caterpillar Inc. v. Herman*, 131 F.3d 666, 668 (7th Cir. 1997) (concluding that the Commission must assess a penalty for all violations cited and proven).

Lastly, the respondents argue that requiring the Commission to impose a mandatory minimum penalty for each per-instance willful violation would contradict a long history supporting the Commission's authority to group violations. This reading of the Commission's historical practice is contradicted by both OSHRC commissioners who addressed the merits of the case without ruling on it. Commissioner Railton stated, "Where the cited provision is found susceptible to per-instance

7

citation, the Commission has generally assessed individual penalties," and pointed out that "the law in this area is 'still developing.'" *Jindal Steel Corp.*, 21 O.S.H. Cas. (BNA) 1298 (2005), 2005 WL 2697263 *9; *see also Andrew Catapano Enter., Inc.*, 17 O.S.H. Cas. (BNA) 1776 (1996), 1996 WL 559899, *12 (suggesting that the Commission has generally assessed multiple penalties for multiple violations). Commissioner Rogers stated that the circumstance of the instant case is novel.[4] *Id.* at *13 ("[T]his case presents, for the first time, the question whether the Commission may now assess an aggregate penalty for multiple affirmed violations that amounts to less than $5,000 for 'each [willful] violation.'") (second modification in original).[5]

## III

In sum, we find that 29 U.S.C. § 666(a) establishes a mandatory penalty range of $5,000 to $70,000 for each willful violation charged and proven. The Commission's statutory authority to assess penalties under 29 U.S.C. § 666(j) requires that the Commission assess an appropriate penalty within the range established by § 666(a), and does not authorize the Commission to go above or below that penalty range. As a result, the Commission cannot group separately charged and proven willful offenses for the purposes of assessing a penalty. Therefore, we VACATE the ALJ's penalty

---

[4] The only case respondents cited which is directly on point)) where the Secretary properly issued citations on a per-instance basis, the ALJ found multiple willful violations, and the ALJ imposed a single grouped penalty below the mandatory minimum)) is *John B. Coffman*, 19 O.S.H. Cas. (BNA) 1043 (2000), 2000 WL 635767. In that case, the Secretary did not appeal the penalty assessment, so the issue was never reached by the Commission.

[5] The cases the respondents rely on are not relevant for various reasons, namely that they applied the pre-mandatory minimum version of the statute, *see, e.g.*, *Safeway Stores, Inc.*, 2 O.S.H. Cas. (BNA) 1439 (1974), 1974 WL 4590; *H.H. Hall Constr. Co.*, 10 O.S.H. Cas. (BNA) 1042 (1981), 1981 WL 18913; do not involve the grouping of multiple willful violations, *see, e.g.*, *Hackensack Steel Corp.*, 20 O.S.H. Cas. (BNA) 1387 (2003), 2003 WL 22232017; *MICA Corp.*, 19 O.S.H. Cas. (BNA) 1618, 2001 WL 826750; or involve the Secretary grouping the violations at the charging stage, *see, e.g.*, *Cherry Hill Stairs*, 17 O.S.H. Cas. (BNA) 1416 (1995), 1995 WL 813190.

assessment and REMAND for proceedings not inconsistent with this opinion.