**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2353-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS A. DIAZ,

     Defendant-Appellant.

_____

Submitted May 5, 2021 – Decided June 10, 2021

Before Judges Whipple and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 13-04-0589.

Joseph E. Krakora, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Craig A. Becker, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis Diaz appeals from the trial court's December 12, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant raises the following arguments on appeal:

POINT I
THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.

A. Plea Counsel Failed in her Duty to Protect Defendant's Legal Interests.

B. The PCR Judge Erred in Failing to Conduct an Evidentiary Hearing to Fully Explore Defendant's Claims.

On April 22, 2013, defendant was indicted and charged with first-degree robbery, N.J.S.A. 2C:15-1; second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); and fourth-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-5(d). In May 2014, defendant pled guilty to second-degree conspiracy to commit robbery and second-degree possession of a firearm for an unlawful purpose, in exchange for the State's recommendation

of a seven-year maximum prison term. Before sentencing, defendant moved to withdraw his guilty plea, which was denied. The court sentenced defendant to a five-year term of imprisonment on count two, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, with a concurrent five-year Graves Act term, N.J.S.A. 2C:43-6, on count three, the weapons charge.

Defendant filed a direct appeal, arguing the motion to withdraw his guilty plea should have been granted because the court took the factual basis prior to the completion of the waiver of his rights. We disagreed and affirmed. State v. Diaz, No. A-1400-15 (App. Div. Oct. 18, 2017) (slip op. at 1-2).

In that decision, we focused on defendant's plea colloquy and his motion to withdraw his plea, and said:

> At a hearing that began on May 5, 2014, the Assistant Prosecutor moved the plea agreement by representing that plea forms were completed by the parties and defendant was expected to plead guilty to the above-referenced second-degree charges. The Assistant Prosecutor also placed on the record the State's recommended sentence of seven years, subject to . . . NERA, N.J.S.A. 2C:43-7.2, and [Graves] Act components, N.J.S.A. 2C:43-6, and stated defendant agreed to testify against his co-defendants and his counsel was free to argue for a lesser sentence.

> Defendant, who was questioned by his counsel to establish a factual basis for the plea, testified under oath that, on December 28, 2012, he and two co-defendants agreed to rob an owner of a pizza shop. One co-

3

defendant drove defendant and the other co-defendant to the individual's home where they encountered the owner, and the co-defendant fired a handgun that was jointly possessed. Defendant and co-defendant ran from the scene and called the other co-defendant for a ride. All three co-defendants were arrested shortly thereafter.

. . . .

The judge asked defendant if he understood each relevant potential consequence of the plea to both offenses, which defendant said he did. The judge then scheduled a sentencing date.

On July 10, 2014, defendant moved to withdraw his guilty plea pursuant to State v. Slater, 198 N.J. 145 (2009), asserting he misunderstood the terms of the plea and the potential sentence, his Miranda[1] rights were violated, and he has three small children for whom he cares. Defendant provided no facts to support a colorable claim of innocence, demonstrated no flaw in the plea proceeding, and provided no evidence his lawyer misled him into pleading guilty. The judge then sentenced defendant to a term of five years, consistent with the plea agreement.

On June 29, 2018, defendant filed a motion for PCR, asserting ineffective assistance of counsel because neither defendant's trial counsel nor appellate counsel investigated his mental competency at the time of his plea and allocution. On December 12, 2019, after considering defendant's arguments, the

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-2353-19

PCR judge denied defendant's petition in a thorough, well-reasoned opinion from the bench. This appeal followed.

Defendant initially contended that his trial counsel improperly allowed him to plead guilty while under the influence of mental health medications Lexapro and Xanax. Defendant asserts that it was error for the court not to assess his mental competency at the time of the plea due to his anxiety diagnosis and medication, and defense counsel should have retained a mental health expert.

For purposes of defendant's PCR submission, he was examined by a psychiatrist, Kenneth Weiss, M.D., who upon examination found defendant "alert, oriented, cooperative and socially appropriate . . . of average intelligence, [and] displaying the capacity to take in and use information." However, based on this single interview with defendant, Weiss concluded defendant had post-traumatic stress disorder and panic attacks, which prevented him from entering a knowing and voluntary plea in May 2014.

The PCR judge rejected defendant's assertion, examining defendant's various claims of ineffective assistance of counsel under the <u>Strickland</u>/<u>Fritz</u>[2]

---

[2] <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>State v. Fritz</u>, 105 N.J. 42 (1987).

standard, concluding defendant's claims—ineffective assistance of counsel related to his mental condition or understanding of the plea agreement—lacked merit. The court rejected defendant's request for an evidentiary hearing because defendant failed to present a prima facie case of ineffective assistance, and there were no material facts outside the record that required resolution. The court noted the record revealed "absolutely no indication that [defendant] was confused or under the influence of any medication at the time of his plea." The court rejected Weiss's report, which notably conceded that defendant was "unable to say whether the medication, if he took it at all, had any effect on him."

Since we thoroughly examined the transcripts of the plea on direct appeal, we concur with the PCR judge's conclusion that defendant was lucid and responsive, and there was nothing to suggest that "[d]efendant was participating [with] anything other than complete[] voluntar[iness] and with full knowledge of . . . what was happening."

Where a judge denies a PCR petition without an evidentiary hearing, we review the denial for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). However, where no evidentiary hearing was conducted, "we may review the factual inferences the court has drawn from the

6

documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). "We also review de novo the [trial] court's conclusions of law." Ibid. (citation omitted).

PCR is "New Jersey's analogue to the federal writ of habeas corpus." State v. Cummings, 321 N.J. Super. 154, 164 (App. Div. 1999) (first citing State v. Afanador, 151 N.J. 41, 49 (1997); and then citing State v. Preciose, 129 N.J. 451, 459 (1992)). A PCR claim "must be established by a preponderance of the credible evidence." State v. McQuaid, 147 N.J. 464, 483 (1997) (citing Preciose, 129 N.J. at 459). Rule 3:22-2(a) states that PCR is cognizable if based upon a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." The Sixth Amendment of the United States Constitution and article I, paragraph 10 of the New Jersey Constitution both guarantee effective assistance of legal defense counsel to a person accused of a crime. See State v. Porter, 216 N.J. 343, 352 (2013) (citing Strickland, 466 U.S. at 685-86).

In determining whether a defendant has established a prima facie claim, the facts should be viewed in the light most favorable to the defendant. Preciose, 129 N.J. at 462-63. To determine whether a prima facie claim of ineffective assistance of counsel is present, the claim must be evaluated under the two-

7

prong Strickland test. Under the Strickland test, "a reviewing court must determine: (1) whether counsel's performance 'fell below an objective standard of reasonableness,' and if so, (2) whether there exists a 'reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.'" State v. Castagna, 187 N.J. 293, 313-14 (2006) (quoting Strickland, 466 U.S. at 688, 693- 94); see also Fritz, 105 N.J. at 60-61. However, to establish a prima facie claim, a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. Rather, a defendant "must allege facts sufficient to demonstrate counsel's alleged substandard performance. Thus, when a [defendant] claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge" of the person making the certification or affidavit. Ibid.

Here, we have been presented with a vague and conclusory diagnosis from a mental health examination years after the events in question. Under the second Strickland prong, in the context of a guilty plea, a defendant must show a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S.

52, 59 (1985); State v. DiFrisco II, 137 N.J. 434, 456 (1994). Moreover, he must show that a decision to reject the plea would have been rational under the circumstances. Padilla v. Kentucky, 559 U.S. 356, 372 (2010); State v. Maddon, 422 N.J. Super. 475, 486 (App. Div. 2011) (defendant must show that "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact that he probably would have done so[.]") Given defendant's understanding of the rights he gave up, as well as the evidence against him, it is unlikely that defendant would have insisted on going to trial because he would not have been guaranteed an aggregate five-year sentence subject to NERA.

Looking at the facts in the light most favorable to defendant, there is no evidence defendant would have insisted on going to trial but for defense counsel's advice, and it would not have been rational for him to do so. Therefore, defendant has not met prong two of the Strickland/Fritz test.

Moreover, defendant's bald assertions, as the PCR judge noted, did not present a prima facie case as required for an evidentiary hearing. Regardless, defendant's allegations are vague and speculative, and an evidentiary hearing would not "aid the court's analysis" of whether defendant is entitled to PCR. Therefore, an evidentiary hearing was not warranted, and there was no abuse of

the PCR judge's discretion.  Defendant's other arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION